1 | RONALD E. MALLEN (SBN: 40928)
CASSIDY E. CHIVERS (SBN: 203043)
2 | rmallen@hinshawlaw.com
cchivers@hinshawlaw.com
3 | HINSHAW & CULBERTSON LLP
One California Street, 18th Floor
4 | San Francisco, CA 94111
Telephone:   415-362-6000
5 | Facsimile:   415-834-9070

6 | JEROME B. FALK, JR. (SBN: 39087)
JONATHAN W. HUGHES (SBN: 186829)
7 | jfalk@howardrice.com
jhughes@howardrice.com
8 | HOWARD RICE NEMEROVSKI CANADY
       FALK & RABKIN
9 | A Professional Corporation
Three Embarcadero Center, 7th Floor
10 | San Francisco, California  94111-4024
Telephone:   415/434-1600
11 | Facsimile:   415/677-6262

12 | Attorneys for Defendants RICHARD L. GREENE,
an individual; LINDA McCALL, an individual;
13 | GREENE RADOVSKY MALONEY SHARE
& HENNIGH LLP, a limited liability partnership

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEXANDER GRAHAM-SULT, an individual, and DAVID GRAHAM, an individual, | Case No.: CV 10 4877 CW |
| Plaintiffs, | OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SUPPLEMENT THE RECORD [DKT #85] |
| v. | Hon. Claudia Wilken |
| NICHOLAS P. CLAINOS, an individual, RICHARD L. GREENE, an individual, LINDA McCALL, an individual, GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP, a limited liability partnership, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company, NORTON LLC, a limited liability company, and WILLIAM E. SAGAN, an individual, | Complaint Filed:   October 27, 2010 |
| Defendants. | |

OPP. TO PLAINTIFFS' ADMIN. MOTION TO SUPPLEMENT THE RECORD [DKT #85]   CV 10 4877 CW

Defendants Richard Greene, Linda McCall, and Greene Radovsky Maloney Share & Hennigh LLP ("the Greene firm") submit this opposition to Plaintiffs' Administrative Motion To Supplement The Record (ECF No. 82) ("Motion" or "Mtn.") pursuant to the Court's April 12, 2011, Order Striking Parties' Letters Filed Without Leave (ECF No. 84), and Civil Local Rule 7-11.

**ARGUMENT**

**I. LEAVE TO SUPPLEMENT THE RECORD SHOULD BE DENIED BECAUSE PLAINTIFFS FAIL TO SHOW GOOD CAUSE WHY THE PROPOSED DECLARATIONS WERE NOT TIMELY PRESENTED.**

Plaintiffs' papers are silent as to why they did not file a declaration from Mr. Feldman or his assistant with their opposition to Greene's special motion to strike, for which they had two and a half months to prepare.[1] Plaintiffs cite two unreported decisions for the proposition that the standard on their Motion is whether it is "in the interests of justice" to permit Plaintiffs to supplement the record. Mtn. 2:1-5. However, the interests of justice are not served by allowing the filing of a declaration after the close of briefing and the hearing, where the party had ample opportunity and reason to have submitted the evidence before, and has provided no explanation for its failure to do so.

Plaintiffs' opposition focused on an Assignment, prepared and signed in 1995, some sixteen years ago. Plaintiffs allege that neither they nor their agents knew about the 1995 Assignment until 2009. In their present motion, Plaintiffs point out that they submitted evidence in their opposition from themselves and their parents that they did not see the Assignment until 2009, and even submitted a declaration from counsel that she reviewed Mr. Feldman's files and did not see the Assignment there. Mtn. 2 n.3. Nevertheless, counsel did not get a declaration from Mr. Feldman. The Court observed at the hearing that a declaration from Mr. Feldman might have been something that one would have expected to see with Plaintiffs' opposition. (Reporter's Transcript 30:19-31:5). At the hearing, Plaintiffs' counsel claimed that Mr. Feldman was out of town. Mr. Feldman's recent travels do not explain Plaintiffs' or their counsel's failure to obtain his declaration over a period of

---

[1] The Greene firm filed its Motions to Strike and Dismiss Plaintiffs' Complaint on December 22, 2010. Greene Motion to Strike, ECF No. 27; Greene Motion to Dismiss, ECF No. 28. Plaintiffs filed their Oppositions to those Motions on March 8, 2010. Plaintiffs' Opposition to Greene Motion to Strike, ECF No. 45; Plaintiffs' Opposition to Greene Motion to Dismiss, ECF No. 56.

1  four months, and the failure to even raise the issue until after argument.

2  In their motion, Plaintiffs provide *no* explanation for their failure to have presented the evidence contained in the two proposed declarations. Without such explanation—*and evidence to support it*— their request is untimely, and the interests of justice would not be served by permitting the filing now, after all moving, opposition and reply papers have been filed and after this Court's hearing on the motion. *See School Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473-74 (5th Cir. 1989) ("materials available at time of filing opposition to summary judgment would not be considered"); *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.,* 813 F.2d 1553, 1557 & n.4 (9th Cir. 1987) (court did not abuse its discretion in refusing to consider affidavits opposing summary judgment filed late); *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.,* 764 F.2d 604, 609 (9th Cir.1985) (evidence available to party before it filed its opposition was not "newly discovered evidence" warranting reconsideration of summary judgment)); *see also* Civil R. 7-3(a) (noting that opposition may be accompanied by supporting declarations). Accordingly, the Court should deny the Motion and disregard the proposed Feldman and Lehua Declarations from its consideration in deciding the Greene firm's pending Motions to Strike and Dismiss. *See School Dist. No. 1J*, 5 F.3d at 1263.

**II.  IN ANY EVENT, THE PROPOSED DECLARATIONS FAIL TO DEMONSTRATE THAT PLAINTIFFS HAVE A PROBABILITY OF SUCCEEDING ON THE MERITS OF ANY CLAIM AGAINST THE GREENE DEFENDANTS.**

**A.  Notwithstanding The Proposed Declarations, Section 340.6 Bars All Of Plaintiffs' Claims, Except The Actual Fraud Claims, Which Is Barred For Other Reasons.**

Plaintiffs seek leave to submit the Feldman and Lehua declarations to support their allegation that they first learned of the Assignment in 2009, rather than in 1997 when, as the evidence shows, Mr. Greene spoke with Mr. Feldman about Section 3.18 and then provided it to him. But whether they learned about the Assignment in 1997 or 2009 makes no difference to any of their claims, except their meritless actual fraud claim. Thus, there is no question that all of their claims other than intentional misrepresentation are barred by the statute of limitations, and as discussed in Section II(B) *infra*, Defendants contend that the intentional misrepresentation claim also is barred by the statute of limitations.

California Code of Civil Procedure Section 340.6(a) provides the statute of limitations for "[a]n action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services." A recent California decision holds that Section 340.6 applies to all claims against lawyers, whether by a client or third party, and exempts only one action: "actual fraud." *Vafi v. McCloskey*, 193 Cal. App. 4th 874 (2011) (applying the one-year statute of limitations under California Code of Civil Procedure Section 340.6 to third party claims against attorneys); *see also Guar. Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945) (holding that state statute of limitations are deemed "substantive" for *Erie* purposes, and so federal courts must apply the *same* statute of limitations as would be applied in state court). Indeed, Plaintiffs' counsel concedes that Section 340.6 applies to all claims except actual fraud. 4/18/11 Letter Brief, ECF No. 88 at 4-5.

Pursuant to Section 340.6, the action must be brought "within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, *or four years from the date of the wrongful act or omission, whichever occurs first*." Cal. Code Civ. Proc. §340.6 (emphasis added). Here, Plaintiffs contend that the allegedly wrongful act occurred in 1995—sixteen years ago. Accordingly, irrespective of when Plaintiffs learned of it or should have learned of it, all of Plaintiffs' claims, other than "actual fraud," are barred because the allegedly wrongful conduct occurred more than four years ago.

### B. Plaintiffs' Proposed Supplemental Declarations Do Not Objectively Support Their Argument Of Late Discovery Of Fraud.

The proposed declarations are insufficient to raise a triable issue of fact about when Plaintiffs knew or should have known about the Assignment. The evidence before the Court shows that Plaintiffs had actual and/or constructive knowledge of the copyright registrations and the Assignment, as explained in the letter from Clainos's counsel submitted to this Court on April 12, 2011. The proposed Feldman and Lehua Declarations do not raise any dispute regarding that fact. Feldman merely says he doesn't remember certain events and refers to certain second-hand knowledge. Feldman Decl. ¶6. Feldman does not deny that he discussed the intellectual property rights issues or schedule 3.18; instead, he testifies to a lack of present recollection of events that

-3-

occurred more than ten years ago. *Id.* Feldman also does not deny that he saw or made aware of the SFX sales documents, which included Schedule 3.18 and a copy of the Assignment. *Id.* ¶3. He states only that he has no present recollection of having seen such documents or having had such information. *Id.* ¶2. As discussed in the Defendants' moving and reply briefs, Plaintiffs had actual and constructive notice of the copyright registrations and Assignment.

    **C.    Even If Plaintiffs Can Somehow Overcome The Statute Of Limitations Bar As To Actual Fraud, They Have Not Presented Any Admissible Evidence To Support Actual Fraud.**

In any event, Plaintiffs fail to demonstrate that they have a probability of succeeding on their actual fraud theory. Plaintiffs concede that they "do not, and never did, contend that the attorney defendants owed plaintiffs an affirmative duty of disclosure." 4/18/11 Letter Brief, ECF No. 88 at 5. Instead, they premise their fraud theory on a perceived universal duty "tell the truth once they speak." *Id.* Thus, their actual fraud theory must rest on some affirmative and false communication by the Greene firm to them or their counsel.

To that end, the *only* evidence[2] Plaintiffs offer is the December 10, 1991 letter to Feldman (which is not remotely actionable[3]) and the inventories filed in the Probate Action. *See* Plaintiffs' Opposition to Motion to Strike, ECF No. 45 at 14-16 (concerning the inventories and other probate-related filings); *id*. at 17:11-24 (concerning the December 10, 1991 letter [Handelman Decl. Ex. I]);[4] *see also* 4/18/11 Letter Brief at 3, points 1 and 2. However, as explained in the moving and reply

---

[2]Notably, Plaintiffs have not attempted to justify their request for leave to file new declarations on the ground that this evidence would support their request for leave to amend the complaint. That is understandable: the declarations provide no basis for granting leave to amend. If Plaintiffs had additional evidence to justify amendment of the complaint, they surely would have included it in their proposed supplementary declarations.

[3]Plaintiffs maintain that this letter falsely states that "the archives belonged to the company" and not to Bill Graham personally. However, the letter does not reference any specific archives or mention the intellectual property on which Plaintiffs' lawsuit it based. There is just one sentence at issue: "As best I [Richard Greene] can tell, the archives are owned by the companies and we are still pursuing the proposed gift to the Oakland Museum which was being discussed prior to Bill's death." ECF No. 47 at 3 ¶2. Even if this letter were not protected by the litigation privilege, the letter is not evidence of fraud because (1) it is not a material misrepresentation of a known fact; (2) on which Plaintiffs could have justifiably relied to believe that any particular intellectual property was not actually owned by Bill Graham. At most, it is an expression of an innocuous and preliminary opinion regarding the general ownership status of "the archives."

[4]The remaining evidence referenced in that portion of Plaintiffs' Opposition consists of (1) the Assignment; (2) letters that were between Mr. Greene and BGE, neither of which, by any stretch, constitute a misrepresentations to Plaintiffs or their attorneys.

briefs, the letter and filings are absolutely protected under the litigation privilege and agent's immunity rule, and cannot support plaintiffs' fraud and conspiracy to commit fraud theories. *Silberg v. Anderson*, 50 Cal. 3d 205, 219-20 (1990); *Chang v. Lederman*, 172 Cal. App. 4th 67, 87 (2009); *Panoutsopoulos v. Chambliss*, 157 Cal. App. 4th 297 (2007).

## CONCLUSION

Plaintiffs' motion for leave to supplement the record should be denied because (1) it is inexcusably late; and (2) it does nothing to save them from the fact that their claims are either time-barred and suffer from a clear lack of legal and factual merit.

DATED: April 22, 2011.

Respectfully,

RONALD E. MALLEN
CASSIDY E. CHIVERS
CHRISTINA A. LEE
HINSHAW & CULBERTSON LLP

JEROME B. FALK, JR.
JONATHAN W. HUGHES
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation

By: ___/s/ Jerome B. Falk, Jr.___
           JEROME B. FALK, JR.

Attorneys for Defendants RICHARD L. GREENE, an individual; LINDA McCALL, an individual; GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP, a limited liability partnership

W03 102600004/1646545/vF

OPP. TO PLAINTIFFS' ADMIN. MOTION TO SUPPLEMENT THE RECORD [DKT #85]   CV 10 4877 CW
-5-