COOPER, WHITE & COOPER LLP
WILLIAM H. G. NORMAN (SBN 49942)
  wnorman@cwclaw.com
JILL B. ROWE (SBN 197713)
  jrowe@cwclaw.com
SCOTT M. McLEOD (SBN 242035)
  smcleod@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:  (415) 433-1900
Facsimile:  (415) 433-5530

Attorneys for NICHOLAS P. CLAINOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ALEXANDER GRAHAM-SULT, an individual, and DAVID GRAHAM, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NICHOLAS P. CLAINOS, an individual, RICHARD L. GREENE, an individual, LINDA McCALL, an individual, GREENE RADOVSKY MALONEY SHARE & HENNINGH LLP, a limited liability partnership, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company, NORTON LLC, a limited liability company, and WILLIAM E. SAGAN, an individual,<br><br>Defendants. | CASE NO. CV 10 4877 CW<br><br>**NICHOLAS P. CLAINOS'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**<br><br>Date:  September 22, 2011<br>Time:  2:00 p.m.<br>Crtrm.:  2, USDC—Oakland Division<br>Honorable Claudia Wilken |

## TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ANALYSIS | 2 |
| | A. Attorneys' Fees Are Mandatory Under Anti-SLAPP Statute | 2 |
| | B. The Fees Sought by this Motion Are Reasonable Given the Legal and Factual Issues in this Matter | 2 |
| |     1. The Hourly Rates Charged Are Reasonable | 2 |
| |     2. The Hours Spent Were Necessary | 3 |
| |     3. The Amount Is Reasonable | 4 |
| III. | CONCLUSION | 8 |

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

660339.1                                         i                                    CV 10 4877 CW
NICHOLAS P. CLAINOS'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

PLEASE TAKE NOTICE THAT on September 22, 2011 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled court located at 1301 Clay Street, Oakland, CA 94612-5212, defendant Nicholas P. Clainos ("Clainos") will and hereby does move this Court for an order awarding him $122,371.00 in attorneys' fees.

Clainos makes this motion based on California Code of Civil Procedure section 425.16 on the grounds that he filed a successful Anti-SLAPP motion.

The motion is based on this Notice, the following points and authorities, the Declarations of William H.G. Norman, Richard Stratton, and Robert J. Stumpf, Jr. in support, the files of this Court, and upon such other matters as may be presented to this Court.

## I. INTRODUCTION

California's Anti-SLAPP statute mandates that successful defendants recover their costs and attorneys fees. Clainos was the target defendant with the greatest risk, far more significant than the Greene Defendants, and so his successful motion should result in an attorney fee award of **$122,371.00**, which is considerably less than the amount those co-defendants are expected to request. Both amounts are reasonable, most certainly the amount of Clainos's request.

This case was from the beginning highly complex from both a legal and a factual standpoint. Over two decades of important and detailed historical events needed to be studied, including interviewing numerous witnesses and reviewing many hundreds of documents. Many multifaceted relationships of persons and entities needed to be understood, several complicated multi-million dollar acquisition transactions had to be analyzed, and one of the most complex probate actions Marin County has ever seen needed review. The stakes were extremely high given the dollars at stake and because personal and professional reputations were on the line. Difficult legal issues were involved in researching and developing both prongs of the anti-SLAPP motion. As to the "merits" prong, the legal and factual issues involved differing duties owed to the various parties, the accrual and tolling of various statutes of limitations, the nature and extent of various fiduciary duties, and as to difficult contract interpretation questions that were anything but straightforward. The cost of legal services were correspondingly significant and the size of them must be seen in a context of these circumstances. Clainos therefore requests that the Court grant

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

660339.1   1   CV 10 4877 CW
NICHOLAS P. CLAINOS'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

this fee motion.

## II. ANALYSIS

**A.  Attorneys' Fees Are Mandatory Under Anti-SLAPP Statute**

Clainos is entitled to recovery his attorneys' fees because an award of fees is mandatory for a defendant who brings a successful anti-SLAPP motion. Cal. Civ. Code § 425.16(c) ("a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs") (emphasis added); *Ketchum v. Moses,* 24 Cal.4th 1122, 1131 (2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorneys fees."). The successful defendant is also entitled to fees incurred in filing the motion for anti-SLAPP fees, *i.e.* "fees on fees." *Ketchum,* 24 Cal.4th at 1141. It is well-settled that such an award of fees and costs applies to successful anti-SLAPP motions brought in federal court. *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). It is without dispute that Clainos is the prevailing party as he obtained all relief sought.

**B.  The Fees Sought by this Motion Are Reasonable Given the Legal and Factual Issues in this Matter**

Clainos requests that this Court award the full amount requested, because the rates charged by Cooper, White & Cooper, LLP ("CWC") are reasonable and the work was reasonable and necessary to prevail. A trial court assessing attorney fees begins with a "touchstone or lodestar figure," based on the time spent and reasonable hourly compensation of each attorney involved. *Ketchum v. Moses*, 24 Cal.4th 1122, 1131-1132 (2004). The court tabulates the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work. *Id.* at 1134. While the lodestar figure may be increased or decreased depending on a variety of factors (*Ketchum*, 24 Cal.4th at 1134), Clainos here is not requesting a multiplier, and there are no factors that would support a decrease. "[A]bsent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee." *Id.* Here, there are no circumstances that would render a full award unjust.

1.  The Hourly Rates Charged Are Reasonable

As set forth in the declarations of William Norman, Richard J. Stratton, and Robert Stumpf filed in support hereof, the hourly rates charged by CWC are reasonable and are in fact below market rate. *See also Bihun v. AT&T Info Sys., Inc.,* 13 Cal.App.4th 976, 997 (1993) (noting that almost twenty years ago, $450 per hour was within range of acceptable market rates), disapproved on a different point by *Lakin v. Watkins Assoc. Indus.*, 6 Cal.4th 644 (1993)).

2.   <u>The Hours Spent Were Necessary</u>

As set forth in the declaration of William Norman in support hereof, the hours spent were reasonable and necessary. While some state courts have held that only work on the anti-SLAPP motion is recoverable, federal courts have held otherwise. *See Kearney v. Foley and Lardner* 553 F.Supp.2d 1178, 1184 (S.D. Cal. 2008) (awarding fees for defense of entire case, including motion to dismiss, where defenses were based entirely on common factual scenario); *Metabolife Int'l v. Wornick* (S.D. Cal. 2002) 213 F. Supp. 2d 1220 (distinguishing California cases and awarding fees for Anti-SLAPP motion as well as 12(b)(6) motion); *compare Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.,* 39 Cal.App.4th 1379 (1995) (refusing to award all defense costs where the anti-SLAPP motion applied solely to the libel cause of action, which was only one of seven causes of action in the complaint.) Here, the entire complaint was a SLAPP suit and the motion was directed to each and every cause of action. Additionally, the work that Clainos's counsel performed for non-SLAPP issues were all based on the common factual scenario, albeit a quite extensive factual scenario – the financial, legal, and contractual relationships between Clainos, plaintiffs, and the various business entities involved in the transactions.

In fact, the only issues non-SLAPP issues that CWC performed were (1) minimal fees related to the case management conference and related disclosures, and (2) indemnity issues regarding whether or not Clainos is entitled to indemnity from the various Bill Graham entities. Of course, Clainos would not have incurred these fees but for Plaintiffs' SLAPP suit. Further, the indemnity issues were closely intertwined with the anti-SLAPP motion because they turned on an analysis of the substantive issues of Plaintiffs' complaint, *i.e.* whether or not Clainos was potentially liable to Plaintiffs, whether or not he was acting as a representative of one of the Bill Graham companies at the time, etc. Therefore, Clainos requests that all fees incurred be

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

660339.1                                        3                               CV 10 4877 CW
NICHOLAS P. CLAINOS'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

1  recovered, because they were all reasonable and necessary to the defense of this case.

2  However, to the extent the Court wishes to apportion fees, the fees can be allocated as

3  follows:[1]

| Task | Fee |
|---|---|
| Preparing Anti-SLAPP motion, review opposition, prepare reply, prepare for hearing, post-hearing briefing, including investigation of factual matters for all of foregoing | $92,640.00 |
| Preparing fee request (June and July) | $7,660 |
| Reviewing Opposition to Fee Request, Prepare Reply, and Hearing on Fee Motion (estimate) | $7,000 |
| Case Management Conference and Related Issues | $1,945.50 |
| Indemnity Issues | $20,118.50 |
| **TOTALS** | **$122,371.00** |

3.  The Amount Is Reasonable

Given that CWC's rates are reasonable, and given that the hours spent were reasonable and necessary, it follows that the amount that Clainos seeks to recover is reasonable. *See Dove Audio, Inc. v. Rosenfeld, Meyer & Susman,* 47 Cal.App.4th 777, 785 (1996) (fees must "adequately compensate the defendant for the expense of responding to a baseless lawsuit.") It is true that the amount is substantial. However, anti-SLAPP motions can be complicated, and in this case the

---

[1] As is evident from the invoices attached to the Norman declaration, each of the time entries on their face disclose the subject matter of the task. Further each time keeper has reviewed the entries and confirmed whether he or she was performing work for the anti-SLAPP motion or for other issues. For each time entry, the timekeeper has indicated what percentage of the time was devoted to work on the anti-SLAPP motion, as indicated by the percentages in the right hand margin of each billing record.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

660339.1                                4                                CV 10 4877 CW
NICHOLAS P. CLAINOS'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

motion was very complicated both legally and factually. As mentioned, the Greene Defendants devoted much more time and charged about twice as much for their work.

Here, Plaintiffs vigorously disputed both prongs of the motion and nearly every factual and legal issue raised by the motion. Plaintiffs' opposition papers, including declarations and exhibits, totaled nearly 700 pages. (*See* Docket Nos. 45-58.) Plaintiffs cited forty-seven cases in support of their opposition (Docket No. 55.), which had to be reviewed and distinguished. Plaintiffs argued (unsuccessfully) that the anti-SLAPP statute did not apply, that the action did not arise out of protected activity, that *res judicata* did not apply, that the claims were not barred by the statute of limitations, that their evidence supported their claims, that Clainos's defenses fail, that the litigation privilege did not apply, etc. Plaintiff submitted no less than eight declarations in opposition, including two by high priced experts offering objectionable legal conclusions. After filing the opposition, and even after hearing of the matter, Plaintiffs improperly submitted a further declaration, then made a motion for leave to do so, all of which required response by Clainos.

While Plaintiffs had the right to vigorously oppose every facet of the motion, doing so necessarily increased the workload for Clainos in preparing the reply. *Compare Serrano v. Unruh*, 32 Cal.3d 621, 368 (1982) (a party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent ... in response.") (internal quotation marks and citation omitted). This was not, for example, a simple defamation case where everyone agrees the conduct is protected and the only question is whether or not the statements were made maliciously.

Courts routinely award substantial fees in anti-SLAPP cases. *Metabolife Int'l v. Wornick* (S.D. Cal. 2002) 213 F. Supp. 2d 1220 (award of more than $318,000 for anti-SLAPP motion, including appellate and fee motion); *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 658-59 (2d Dist. 1996) (affirming award of $130,506.71) (overruled on other grounds by *Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53 (2002)); *Shepard v. Miler* (E.D. Cal., May 5, 2011, CIV. 2:10-1863 WBS) 2011 WL 1740603 (awarding $119,143.05 for defamation action). It

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

660339.1                                           5                                    CV 10 4877 CW
NICHOLAS P. CLAINOS'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

is also expected that the amount claimed by Clainos will be in line with the amount sought by the Greene Defendants in their motion.[2]

Several factors go into the reasonableness of a fee request: "the nature of the litigation and its difficulty; the amount of money involved in the litigation; the skill required and employed in handling the litigation; the attention given to the case; the attorney's success, learning, age and experience in the particular type of work demanded; the intricacy and importance of the litigation; the labor and necessity for skilled legal training and ability in trying the case; and the amount of time spent on the case" *Niederer v. Ferreira*, 189 Cal.App.3d 1485, 1507 (1987); *see also PLCM Group, Inc. v. Drexler,* 22 Cal.4th 1084, 1096 (2000) ("The trial court makes its determination after consideration of a number of factors, including the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case."). These factors all support the amount of the award here.

In particular, the 'nature of the litigation and its difficulty' factor, as well as the 'skill required and employed' factor, support the amount of the request. In their complaint, Plaintiffs alleged eight causes of action against Clainos – breach of fiduciary duty, breach of trust, conversion, deceit/intentional misrepresentation, deceit/negligent misrepresentation, fraud/concealment, promissory estoppel, and unjust enrichment. The claims involved required counsel to confront many issues in different areas of the law, from probate law, to trust duties, to copyright and trademark law, and the litigation privilege.

Factually, preparing the motion required extensive factual research covering a span of twenty years. Counsel had to become familiar with and understand the extensive Marin probate

---

[2] While Clainos was to some extent able to rely on the evidence attached to Richard Greene's declaration when filing his motion, the legal issues were markedly different for Clainos than for Greene who, for instance, did not owe any duties to Plaintiffs. The factual allegations against Clainos also significantly differed, and counsel for Clainos of course was required to perform a fully independent factual and legal analysis. Consequently, the basic work and analysis differed quite significantly from the small dimensional Greene work.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

660339.1                    6                         CV 10 4877 CW
NICHOLAS P. CLAINOS'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

action, which Judge Dufficy described as being unusually complicated. *See* Ex. C to Request for Judicial Notice (Docket No. 35) ("This was an unusually difficult estate to administer. It was large. It was complex. The beneficiaries were diverse."). Understanding the probate action was made more difficult because of the age of the case, and the fact that documents were not always readily available. The motion also required counsel to familiarize themselves with and untangle several highly complicated transactions pursuant to which the disputed assets were first distributed as part of the probate proceedings and then transferred several times thereafter, from BGE to BGP, to SFX and then Clear Channel and finally to Norton. Documents key to those transactions were key to the anti-SLAPP motion, as they established knowledge on the part of Plaintiffs that the now-disputed assets were included within those sales.

The 'amount of money involved in the litigation' factor, as well as the 'importance of the litigation' factor, also support the fee request. While Plaintiffs do not specify the amount of damages sought, it is clear that damages – if Plaintiffs' case was meritorious – could have been significant as the assets involved were part of multi-million dollar transactions, could have included punitive damages, and could potentially have resulted in damages not only to Plaintiffs but to down-stream buyers. In contrast, in a case where the damages were only $150,000, the court awarded over $119,000 in fees. *Shepard v. Miler* (E.D. Cal., May 5, 2011, CIV. 2:10-1863 WBS) 2011 WL 1740603. Where millions are on the line, it is folly to cut corners in preparing such a motion, and diligence and thoroughness is required. *See* Norman Decl., ¶3. Further, this case was not only about money. Clainos's personal and professional reputation were at stake, and the accusations against him, even though untrue, were serious and offensive.

Finally, the 'attorney's success, learning, age and experience in the particular type of work' factor supports the request. Mr. Norman is a successful trial lawyer with over thirty years experience. He has made and prevailed on numerous anti-SLAPP motions and has in each case recovered 90% or more of all requested attorneys fees and costs demanded (thus demonstrating that he does not "pad" or inflate billings). Norman Decl., ¶4. Notwithstanding his relevant experience, Mr. Norman bills an hourly rate that is less than the rate that others with similar experience might charge. *See* Stratton Declaration, Stumpf Declaration.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

660339.1                                              7                                   CV 10 4877 CW
NICHOLAS P. CLAINOS'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES

## III. CONCLUSION

Clainos requests that he be awarded fees and costs in the amount of $122,371.00. When an person performs the socially important function of serving as an executor of an estate, he or she should not be subject to meritless lawsuits two decades later. The Anti-SLAPP statute allows a Court to strike such lawsuits, as the Court has rightfully done in this matter. The Anti-SLAPP statute also mandates that the Court award the successful defendant attorneys fees, and Clainos requests that this motion be granted in full.

DATED: July 11, 2011                    COOPER, WHITE & COOPER LLP


By:   /s/ William H G. Norman
      William H. G. Norman
      Attorneys for NICHOLAS P. CLAINOS

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

660339.1                             8                          CV 10 4877 CW
NICHOLAS P. CLAINOS'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES