Michael S. Elkin (*admitted pro hac vice*)
Thomas Patrick Lane (*admitted pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York  10166
Email:  melkin@winston.com
Email:  tlane@winston.com
(212) 294-6700 (Telephone)
(212) 294-4700 (Facsimile)

Erin R. Ranahan (SBN 235286)
**WINSTON & STRAWN LLP**
333 S. Grand Avenue, 38th Floor
Los Angeles, CA  90071
Email:  eranahan@winston.com
(213) 615-1700 (Telephone)
(213) 615-1750 (Facsimile)

Attorneys for Defendants
BILL GRAHAM ARCHIVES LLC, d/b/a
WOLFGANG'S VAULT, NORTON LLC and
WILLIAM E. SAGAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| ALEXANDER GRAHAM-SULT, an individual, and DAVID GRAHAM, an individual, | **Case No. CV 10-4877 CW** |
| Plaintiffs, | **DEFENDANTS BILL GRAHAM ARCHIVES LLC, NORTON LLC, AND WILLIAM E. SAGAN'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| NICHOLAS P. CLAINOS, an individual, RICHARD L. GREENE, an individual, LINDA McCALL, an individual, GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP, a limited liability partnership, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company, NORTON LLC, a limited liability company, and WILLIAM E. SAGAN, an individual, | **[F.R.C.P. 54(d); 17 U.S.C. § 505]**  Date:      September 22, 2011 Time:      2:00 p.m. Place:     Courtroom 2, 4th Floor |
| Defendants. | |

THE BGA DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMO OF P's & A's– CV 10-4877 CW

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1   TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

2       PLEASE TAKE NOTICE that on September 22, 2011, at 2:00 p.m., before the Honorable

3   Claudia Wilken of the United States District Court for the Northern District of California, in

4   Courtroom 2, 4th Floor, at the above-entitled Court, located at 1301 Clay Street, Suite 400 S,

5   Oakland, CA 94612-5212, Defendants Bill Graham Archives LLC, d/b/a/ Wolfgang's Vault

6   ("Wolfgang's Vault"), Norton LLC and William E. Sagan (collectively, the "BGA Defendants") will

7   and hereby do move this Court, pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505, for an award

8   of attorneys' fees in the amount of $134,243.25 and full costs in the amount of $3,819,95.

9       This motion is made following the conference of counsel which took place beginning on July

10  8, 2011.  (Declaration of Erin R. Ranahan ("Ranahan Decl.") ¶ 3)  This motion is made subsequent

11  to the Court's entering final judgment in this action on June 27, 2011. (Dkt. No. 94)  This motion is

12  brought on the grounds that the BGA Defendants are the prevailing parties against Plaintiffs in the

13  above-captioned action and are entitled to an award of reasonable attorneys' fees and full costs under

14  the Copyright Act, 17 U.S.C. § 505, *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994).

15      This motion is based upon this Notice, the attached Memorandum of Points and Authorities,

16  the supporting Declaration of Erin R. Ranahan ("Ranahan Decl.") and the exhibits attached thereto,

17  the supporting Declaration of Phillip B. Martin ("Martin Decl.") and the exhibits attached thereto,

18  and upon such other and further evidence and argument as may be presented to the Court prior to or

19  at the time of hearing on this motion.

20  Dated:  July 11, 2011                     WINSTON & STRAWN LLP

21

22                                            By:    /s/ Erin R. Ranahan
23                                                   Erin R. Ranahan
                                                     333 S. Grand Avenue, 38th Floor
24                                                   Los Angeles, CA  90071
                                                     (213) 615-1700 (Telephone)
25                                                   (213) 615-1750 (Facsimile)

26                                                   And

27                                                   Michael S. Elkin
                                                     Thomas Patrick Lane
28                                                   200 Park Avenue
                                                     New York NY  10166

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

2

---

**THE BGA DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMO OF P's & A's– CV 10-4877 CW**

1    (212) 294-6700 (Telephone)
     (212) 294-4700 (Facsimile)

2

3    Attorneys for Defendants
     BILL GRAHAM ARCHIVES LLC, d/b/a
     WOLFGANG'S VAULT, NORTON LLC and

4    WILLIAM E. SAGAN

5

6

7

8

9

10

11

12

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page

I.     INTRODUCTION ........................................................................................................1

II.    FACTUAL BACKGROUND ....................................................................................2

    A.    The BGA Defendants Lawfully Acquired the Archives.............................2

    B.    Plaintiffs' Lawsuit.......................................................................................3

    C.    Plaintiffs' Claims Against the BGA Defendants Are Dismissed With
       Prejudice .....................................................................................................3

III.   ARGUMENT ..............................................................................................................5

    A.    The BGA Defendants are Entitled to Costs, Including Reasonable
       Attorneys' Fees, as the Prevailing Party in an Action Brought Under the
       Copyright Act..............................................................................................5

          1.    Legal Standard ................................................................................5

          2.    All Factors Weigh In Favor of an Award of Attorneys' Fees and
             Costs................................................................................................6

          3.    The BGA Defendants Should Also Recover Attorneys' Fees and
             Costs Related to Defending Against Plaintiffs' Remaining Claims
             Because They Are Related to the Copyright Claim...........................8

    B.    The BGA Defendants Request that the Court Award Reasonable
       Attorneys' Fees in the Amount of $134,243.25.........................................11

          1.    Defense Counsel's Hourly Rates are Reasonable ...........................11

          2.    The Hours Expended by Defense Counsel are Reasonable ............12

    C.    The BGA Defendants Request that the Court Award Full Costs in the
       Amount of $8,189.50 .................................................................................12

    D.    The BGA Defendants Request that the Court Award the Time Spent
       Preparing This Motion ...............................................................................12

IV.   CONCLUSION..........................................................................................................13

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**THE BGA DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMO OF P's & A's– CV 10-4877 CW**

1

2 **<u>TABLE OF AUTHORITIES</u>**

3 **Page(s)**

C<small>ASES</small>

4

5 *Assessment Technologies of Wi., LLC v. WIREData, Inc.*,
   361 F.3d 434 (7th Cir. 2004) ...................................................................................5

6
*Berry v. Haw Express Serv.*,
7    2007 WL 689474 (D. Haw. Mar. 2, 2007)...............................................................8

8 *Camacho v. Bridgeport Fin., Inc.*,
   523 F.3d 973 (9th Cir. 2008) .................................................................................12
9
*Comite De Jornaleros De Redondo Beach v. City of Redondo Beach*,
10    2006 WL 4081215 (C.D. Cal. 2006).......................................................................11

11
*Diamond Star Bldg. Corp. v. Freed*,
12    30 F.3d 503 (4th Cir. 1994) .....................................................................................5

13 *Florentine Art Studio, Inc. v. Vedet K. Corp.*,
   891 F. Supp. 532 (C.D. Cal. 1995) ..........................................................................6
14
*Fogerty v. Fantasy, Inc.*,
15    510 U.S. 517 (1994).......................................................................................... passim

16 *Gates v. Deukmejian*,
   987 F.2d 1392 (9th Cir. 1992) ...............................................................................11
17
*Hensley v. Eckerhart*,
18    461 U.S. 424 (1983)...............................................................................................11

19
*Historical Research v. Cabral*,
20    80 F.3d 377 (9th Cir. 1996) .....................................................................................6

21 *Identity Arts v. Best Buy Enter. Servs. Inc.*,
   2008 WL 920674 (N.D. Cal. Mar. 26, 2008)........................................................6, 7
22
*Jackson v. Axton*,
23    25 F.3d 884 (9th Cir. 1994) .....................................................................................5

24
*Lifted Research Group, Inc. v. Salem*,
25    2009 WL 1371416 (N.D. Cal. May 15, 2009) .........................................................8

26 *Love v. Associated Newspapers, Ltd.*,
   611 F.3d 601 (9th Cir. 2010) ..........................................................................5, 6, 7, 8

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

ii

1

*Love v. Mail on Sunday*,
  2007 WL 2709975 (C.D. Cal. Sept. 7, 2007), *aff'd, Love v. Associated Newspapers,
  Ltd.*, 611 F.3d 601 (9th Cir. 2010) ...........................................................................6, 7, 11

*Maljack Productions, Inc. v. Goodtimes Home Video Corp.*,
  81 F.3d 881 (9th Cir. 1996) ...............................................................................................6

*Matthew Bender & Co. v. West Pub. Co.*,
  240 F.3d 116 (2d Cir. 2001)...............................................................................................6

*McGaughey v. Twentieth Century Fox Film Corp.*,
  12 F.3d 62 (5th Cir. 1994) ............................................................................................5, 9

*Stern v. Does*,
  2011 WL 997230 (C.D. Cal. Feb. 10, 2011)......................................................................7

*Thomas v. City of Tacoma*,
  410 F.3d 644 (9th Cir. 2005) ..............................................................................................8

*Traditional Cat Ass'n v. Gilbreath*,
  340 F.3d 829 (9th Cir. 2003) .......................................................................................8, 11

*Twentieth Century Fox Film Corp. v. Entm't Distrib.*,
  429 F.3d 869 (9th Cir. 2005) .......................................................................................8, 12

**STATUTES**

17 U.S.C. § 501(b) ...................................................................................................................7

17 U.S.C. § 505 ............................................................................................................... passim

28 U.S.C. § 1920 .....................................................................................................................12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 .....................................................................................................................3

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

THE BGA DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMO OF P's & A's– CV 10-4877 CW

# I.    INTRODUCTION

Defendants Bill Graham Archives LLC, d/b/a Wolfgang's Vault, Norton LLC, and William E. Sagan ("WV Defendants") seek an award of their fees and costs in connection with this action pursuant to Section 505 of the Copyright Act.  Plaintiffs brought this action for copyright infringement against the BGA Defendants despite Plaintiffs having no ownership interest in the copyrights at issue (Dkt. No. 93 (Order Granting Motion to Dismiss) at 23-27.)[1]  Further, Plaintiffs brought their claims nearly a decade after they accrued, and thus their claims were time-barred.  (*Id.* at 17:2-3.)  Though the BGA Defendants sent a letter at the outset of the case specifying multiple grounds upon which the action was filed without competent inquiry in plain violation of Rule 11 of the Federal Rules of Civil Procedure, Plaintiffs' counsel disregarded these concerns, and proceeded to prosecute their claims against the BGA Defendants without factual or legal basis.

In granting the BGA Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Court dismissed with prejudice all of Plaintiffs' claims against the BGA Defendants, which consisted of Plaintiffs' baseless claim for copyright infringement and four related claims--which renders such fees are also recoverable.  *Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003) (prevailing party in a copyright action is entitled to recover fees "incurred in defendant against [the copyright claim] *or any related claims*.")    As the prevailing parties in this litigation, the BGA Defendants should be awarded their full fees and costs incurred in defending themselves pursuant to Section 505 of the Copyright Act.  As explained in greater detail herein, all Section 505 factors weigh in favor of awarding the BGA Defendants fees and costs.  Specifically:

- the BGA Defendants obtained complete success through dismissal;
- Plaintiffs' claims were frivolous and objectively unreasonable;
- Plaintiffs' motivation was questionable at best; and

---

[1] Plaintiffs also brought claims related to their copyright claim against the BGA Defendants for promissory estoppel without alleging any promise by the BGA Defendants, and for conversion and unjust enrichment without alleging any wrongdoing by the BGA Defendants.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1     •   policy considerations weigh in favor of compensating the BGA Defendants and

2          deterring these and other plaintiffs from pursuing copyright infringement claims

3          without any factual or legal basis.

4        As the Supreme Court has recognized in *Fogerty v. Fantasy, Inc.,* 510 U.S. 517 (1994),

5 defendants in copyright actions should be encouraged to pursue meritorious copyright defenses

6 through fee awards. (*Id.* at 527.) Because copyright defendants do not have the same incentive of

7 collecting damages if successful, there is an even greater need to award fees to defendants. For all

8 these and the foregoing reasons, the BGA Defendants respectfully request that they be awarded their

9 attorneys' fees and costs under Section 505.

10 **II.     FACTUAL BACKGROUND**

11     **A.     The BGA Defendants Lawfully Acquired the Archives**

12        In 2002, Defendant Norton LLC purchased the equity interests of Wolfgang's Vault for

13 "approximately $5 million dollars" from Bill Graham Enterprises, Inc. (a subsidiary of Clear

14 Channel). (Compl. ¶¶ 29.) As part of this, the BGA Defendants acquired Bill Graham's collection

15 of artwork, copyrights, and memorabilia (the "Archives").[2] Prior to that sale, Bill Graham

16 Enterprises, Inc. transferred the Archives to Wolfgang's Vault. Norton LLC acquired Wolfgang's

17 Vault, and thereby the Archives, for the purpose of preserving and celebrating Bill Graham's

18 tremendous legacy, and making available to music fans everywhere Bill Graham's irreplaceable and

19 invaluable collection of music history. Indeed, the BGA Defendants have devoted extensive

20 resources to painstakingly archive, and provide access through www.wolfgangsvault.com, to what

21 the Wall Street Journal called "the most important collection of rock memorabilia and recordings

22 ever assembled."

23        Both Plaintiffs were provided multiple opportunities to investigate whether they had any

24 concerns about certain items or copyrights being in the Archives. In fact, in or around June 11, 2002

25 (before the 2002 transfer could be completed), Plaintiffs were given a right of first refusal option, for

26 sixty days—which Plaintiffs did not exercise. The notice specifically informed Plaintiffs that the

27

28      _____
[2] The copyrights and certain additional items in the Archives were not owned individually by Bill
Graham, but were owned by his production company, Bill Graham Presents.

**THE BGA DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMO OF P's & A's– CV 10-4877 CW**

transfer included "intellectual property rights that relate to the Archives." Plaintiffs were given a similar right of first refusal in connection with the 1994 sale of the Archives, which again, Plaintiffs failed to exercise. Despite Plaintiffs being provided numerous and repeated opportunities to inspect the Archives and make timely objections, Plaintiffs failed to raise their claims until Wolfgang's Vault spent eight years of resources preserving and utilizing the Archives.

**B.     Plaintiffs' Lawsuit**

In late 2010, Plaintiffs, the sons of Bill Graham, filed this lawsuit against numerous defendants, objecting to transfers of certain items in their father's estate, including certain copyrights and alleged personal items. Plaintiffs brought their lawsuit despite having personally made millions through the prior transfers of the archives in the late 1990s, and despite having numerous prior chances to object to the sale and search for their personal items. Plaintiffs failed to raise these claims until almost 20 years after Bill Graham's death.

Plaintiffs brought the following five claims against the BGA Defendants: (1) copyright infringement; (2) conversion; (3) promissory estoppel; (4) unjust enrichment; and (5) declaratory relief. (*Id.*) All of Plaintiffs' claims involve the same series of transactions which resulted in the BGA Defendants' acquisition of the Archives.

At the outset of this action, the BGA Defendants' counsel sent Plaintiffs' counsel a letter, undeniably putting them on notice of multiple grounds and defenses that confirm that Plaintiffs' lawsuit was frivolous and filed in violation of their obligations under Rule 11. (Ranahan Decl. ¶ 4 and Exh. A.) In response, Plaintiffs shirked the BGA Defendants' concerns, and despite having no adequate factual or legal basis, proceeded with prosecuting their claims. (Ranahan Decl. ¶ 5 and Exh. B.) Plaintiffs' refusal to dismiss their claims caused the BGA Defendants to continue to incur attorneys' fees and costs to defend themselves, including in bringing its 12(b)(6) motion to dismiss.

**C.     Plaintiffs' Claims Against the BGA Defendants Are Dismissed With Prejudice**

On June 24, 2011, the Court dismissed all of Plaintiffs' claims against the BGA Defendants without leave to amend. The Court specifically dismissed Plaintiffs' copyright claim because

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

"Plaintiffs do not own the copyrights at issue." (Dkt. No. 93 at 26:16-17.) The Court dismissed Plaintiffs' conversion claim, explaining that:

> The 1995 Assignment precludes Plaintiffs' claim against the BGA Defendants for the alleged conversion of copyrights. Plaintiffs do not allege any facts indicating that they had any right to possession of the disputed copyrights in July 2002, the month the BGA Defendants acquired them. By that time, even under Plaintiffs' allegations, the copyrights already had been transferred from Bill Graham's estate to BGE to BGP to SFX to Bill Graham Archives. Furthermore, Plaintiffs do not plead facts suggesting that the BGA Defendants engaged in wrongdoing.

(*Id.* at 23:14-22.)

The Court also dismissed Plaintiffs' promissory estoppel claim, recognizing there was not even a promise alleged against Plaintiffs. (*Id.* at 25:17-18.) With respect to unjust enrichment, the Court found that "[a]ssuming that unjust enrichment is a cognizable cause of action under California law"--as the vast majority of authority suggests that it is not a cognizable claim in California-- "Plaintiffs allege no facts to suggest" that the BGA Defendants "acted improperly." (*Id.* at 25:27-26:5.) The Court further noted that "Plaintiffs do not plead how the BGA Defendants knew or should have known that SFX's ownership of the copyrights and the scrapbooks was improper." (*Id.* at 26:3-5.) Finally, the Court found that there was no claim for declaratory judgment, given that there was no remaining case or controversy. (*Id.* at 26:22-27:2.) The court found there was no indication that any of Plaintiffs' claims against the BGA Defendants could be saved by amendment, and thus dismissed all claims with prejudice. (*Id.* at 27:16-17.) On June 27, 2011, the Court entered final judgment in favor of the Defendants. (Dkt. No. 94).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

4

THE BGA DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMO OF P's & A's– CV 10-4877 CW

III.     ARGUMENT

A.     **The BGA Defendants are Entitled to Costs, Including Reasonable Attorneys' Fees, as the Prevailing Party in an Action Brought Under the Copyright Act**

1.     **Legal Standard**

The Copyright Act of 1976 ("Copyright Act") provides, in pertinent part, that in any copyright action, the court in its discretion "may allow the recovery of full costs by or against any party . . . [and] the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. A party who successfully defends against an infringement claim is a "prevailing party" under Section 505.

In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court rejected the "dual standard" approach by which plaintiffs were more likely to recover their attorneys' fees than defendants, holding that "defendants who seek to advance. . . . meritorious copyright defenses should be encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement. 510 U.S. at 527. The Supreme Court overruled prior Ninth Circuit precedent and held that defendants *are not* required to show frivolousness or bad faith on the part of the plaintiff in order to recover attorneys' fees. (*Id.* at 521.) According to the Supreme Court, "a successful defense of a copyright infringement action may further the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim by the holder of a copyright." (*Id.* at 527.)

The Copyright Act empowers the Court with discretion to further the policies of that Act by awarding attorneys' fees to prevailing parties. (*Id.* at 534-35.) "[D]efendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them" in part because such litigation ultimately encourages the promotion of "broad public availability of literature, music and the other arts." (*Id.* at 526-27.)

As noted by Judge Posner of the Seventh Circuit Court of Appeals, "When the prevailing party is the defendant . . . the presumption in favor of awarding fees is very strong." *Assessment Technologies of Wi., LLC v. WIREData, Inc.*, 361 F.3d 434, 439 (7th Cir. 2004) (*citing Diamond Star Bldg. Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994)). "For without the prospect of such an

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1    award, the party might be forced into a nuisance settlement or deterred altogether from exercising his

2    rights." (*Id.* at 439.)  Additionally, under Fifth Circuit law, attorneys' fee awards "are the rule rather

3    than the exception and should be awarded routinely." *McGaughey v. Twentieth Century Fox Film*

4    *Corp.*, 12 F.3d 62, 65 (5th Cir. 1994).

5    **2.**    **All Factors Weigh In Favor of an Award of Attorneys' Fees and Costs**

6    The Ninth Circuit, guided by *Fogerty*, has adopted a list of nonexclusive factors which the

7    Court may consider in determining whether to award attorneys' fees:  "(1) the degree of success

8    obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's

9    factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations

10   of compensation and deterrence." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614-15 (9th

11   Cir. 2010) (*citing Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)).  Not all factors must be met to

12   support an award of attorneys' fees, nor should the Court use these factors to restrict awards of

13   attorneys' fees to cases where the losing party was somehow culpable or acted in bad faith, since

14   ***blameworthiness is not a prerequisite*** to awarding fees to a prevailing defendant.  *Fogerty*, 510 U.S.

15   at 535 n.19.  Indeed, exceptional circumstances are *not* a prerequisite to an award of attorneys' fees

16   in copyright actions.  *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996); *see also*

17   *Maljack Productions, Inc. v. Goodtimes Home Video Corp.*, 81 F.3d 881, 890-91 (9th Cir. 1996)

18   (granting attorneys' fees to defendants for successfully defending against a copyright claim).

19   *a.    Degree of Success Obtained*

20   Where defendants succeed on a motion to dismiss, this factor weighs in favor of an award of

21   attorneys' fees and costs.  *Love v. Mail on Sunday*, 2007 WL 2709975 at *5 (C.D. Cal. Sept. 7,

22   2007), *aff'd*, *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601 (9th Cir. 2010) (defendants' success

23   in securing dismissal with prejudice on first motion to dismiss weighed in favor of award of

24   attorneys' fees).  Here, the Court dismissed, with prejudice, all of Plaintiffs' claims against the BGA

25   Defendants.  (Dkt. No. 93 at 23-27.)  As such, the BGA Defendants' success was total and this factor

26   weighs in favor of an award of attorneys' fees and costs.

27

28

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

THE BGA DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMO OF P's & A's– CV 10-4877 CW

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

b. *Objective Unreasonableness and Frivolousness*

"[O]bjective reasonableness is a factor that should be given substantial weight in determining whether an award of attorneys' fees is warranted." *Matthew Bender & Co. v. West Pub. Co.*, 240 F.3d 116, 122 (2d Cir. 2001). A copyright claim is objectively unreasonable where the plaintiff knows that his or her allegations do not meet the elements of a copyright claim. *See Identity Arts v. Best Buy Enter. Servs. Inc.*, 2008 WL 920674 at *4-*5 (N.D. Cal. Mar. 26, 2008) ("[the] plaintiff's failure to properly register its original copyrighted work before brining suit suggests unreasonableness"); *Florentine Art Studio, Inc. v. Vedet K. Corp.*, 891 F. Supp. 532, 541-42 (C.D. Cal. 1995) (prosecution of copyright claim unreasonable where the plaintiff knew that two of the works sued on had never been copied, the defendants' profits were *de minimus*, and the plaintiff knew prior to proceeding to trial that one of the named the defendants had no involvement in any copyright infringement); *Love*, *supra*, 611 F.3d at 615. In *Love*, the Ninth Circuit held that the plaintiff's claims were objectively unreasonable because the plaintiffs "did not plead any facts that would connect [defendants to an] allegedly invalid license agreement." *Love*, 611 F.3d at 615.

Here, though a basic prerequisite for bringing a copyright claim is ownership of the copyright in question (17 U.S.C. § 501(b)), Plaintiffs do not own the copyrights at issue. (*See* Dkt. No. 1 (Complaint) at ¶¶ 95-100.) To the contrary, on its face the Complaint alleges that ownership of these copyrights was assigned to Bill Graham Enterprises in 1995. (*Id.* ¶ 97.) The Court dismissed Plaintiffs' copyright claim against the BGA Defendants because, "based on the 1995 Assignment and the alleged subsequent transfers of the disputed copyrights, Plaintiffs *do not own* the copyrights at issue." (Dkt. No. 93 (Order Granting Motion to Dismiss) at 26:15-17 (emphasis added).) Similar to *Love*, Plaintiffs' pleading was insufficient because it did not connect the BGA Defendants to any wrongdoing. Therefore, it was objectively unreasonable for Plaintiffs to bring a copyright claim against the BGA Defendants.

Not only was Plaintiffs' copyright claim objectively unreasonable, it was frivolous given that Plaintiffs do not own the copyrights they allege were infringed. Therefore, this factor weighs in favor of an award of attorneys' fees and costs.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### c.      Motivation

Plaintiffs' motivation in bringing the copyright claim was improper because, as discussed above, they were seeking to recover a money judgment for infringement of copyrights which they knew they did not own.  *Cf. Stern v. Does*, 2011 WL 997230 at *14-*15 (C.D. Cal. Feb. 10, 2011) (court found that plaintiff brought copyright claim in bad faith where he had no compensable damages and no reason to seek injunctive relief).  Even more disturbing, as beneficiaries of the trusts that Bill Graham created, Plaintiffs had already earned millions of dollars from earlier transfers of the Archives.  With this lawsuit, Plaintiffs were apparently seeking an additional and undeserved payday.  As such, Plaintiffs' motivation in bringing this lawsuit weighs in favor of an award of attorneys' fees and costs.

### d.      Compensation and Deterrence

Defendants should be compensated for defending against unreasonable and frivolous copyright and related claims, and plaintiffs should be deterred from bringing such claims in the future.  *Love v. Mail on Sunday*, *supra*, 2007 WL 2709975 at *5; *see also Identity Arts*, *supra*, 2008 WL 820674 at *6 (defense of copyright action "in the face of objectively unreasonable factual and legal circumstances . . . warrants compensation").  As discussed above, Plaintiffs' copyright claim was both unreasonable and frivolous because Plaintiffs do not and never did own the copyrights at issue.  Therefore, this factor also weighs in favor of an award of attorneys' fees in this case.

In sum, all factors weigh in favor of an award of attorneys' fees and costs.  Therefore, the Court should grant the BGA Defendants' motion for attorneys' fees and costs.

### 3.      The BGA Defendants Should Also Recover Attorneys' Fees and Costs Incurred Through Defending Against Plaintiffs' Remaining Claims Because They Are Related to the Copyright Claim

A prevailing party in a copyright action is entitled to recover fees "incurred in defendant against [the copyright claim] *or any related claims*."  *Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 833 (9th Cir. 2003).  Claims are "related" if they "involve a common core of facts or are based on related legal theories."  *Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005) (award of attorneys' fees for prosecution of federal civil rights claim) (citation and internal quotation marks

8

omitted); *see also Love*, *supra*, 611 F.3d at 614; *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 884 (9th Cir. 2005) (defense of counterclaims sufficiently related to prosecution of copyright claim because counterclaims were predicated on defendant's assertion that plaintiff did not own the copyright).  "Where copyright claims arise from the same course of conduct as non-copyright claims, then the claims may be related for the purpose of attorneys' fees under the Copyright Act."  *Lifted Research Group, Inc. v. Salem*, 2009 WL 1371416 at *6 (N.D. Cal. May 15, 2009) (*citing Traditional Cat Ass'n*, 340 F.3d at 833; *Berry v. Haw Express Serv.*, 2007 WL 689474 (D. Haw. Mar. 2, 2007)) (Lanham Act claims were sufficiently related to Copyright Act claims).

Here, the BGA Defendants should recover fees for defending against Plaintiffs' non-copyright claims because those claims were based on the same course of conduct as the copyright claim.  In fact, Plaintiffs' copyright claim was predicated on conduct which gave rise to the non-copyright claims.  Therefore, as discussed in detail below, the BGA Defendants should be awarded attorneys' fees and costs for defending against Plaintiffs' non-copyright claims because these claims are related to Plaintiffs' copyright claim.

### a.   *Conversion*

The Ninth Circuit awarded a plaintiff its attorneys' fees under Section 505 for defending against unfair competition and slander counterclaims because those claims were "predicated on [the defendant's] assertion that [the plaintiff] did not own the copyright [at issue]…."  *Twentieth Century Fox*, 429 F.3d at 834.  There, as here, the dispute turned on who owned the copyright at issue.  (*See id.* at 876.)

Similar to *Twentieth Century Fox*, here the BGA Defendants' defense of Plaintiffs' claims for both conversion and copyright infringement turned on whether Plaintiffs owned the copyrights in question.  Both of these claims arise from the BGA Defendants' acquisition of the Archives.  (*See* Dkt. No. 1 ¶¶ 55, 56, 98.)  Plaintiffs alleged that the BGA Defendants were aware of defendant Nicholas Clainos' prior "conversion" of the copyrights when they purchased the Archives.  (*Id.* ¶ 56.)  Plaintiffs reasoned that the BGA Defendants were not *bona fide* purchasers of the Archives, and therefore they did not have the right to exploit the copyrights contained therein.  But the Court held that these allegations were not sufficient for the same reason Plaintiffs' copyright claim failed:

9

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

1  because Plaintiffs did not allege that they had any right to possession or ownership of the copyrights

2  at the time the BGA Defendants acquired them.  (*See* Dkt. No. 93 at 23:14-21.)  As such, Plaintiffs'

3  conversion and copyright claims involve a common core of facts and arise from the same course of

4  conduct.  The BGA Defendants should thus recover for their attorneys' fees and costs related to

5  defending against Plaintiffs' claim for conversion.

### b.    *Promissory Estoppel*

7  Plaintiffs' promissory estoppel claim also arises out of the BGA Defendants' alleged

8  wrongdoing in acquiring the Archives.  Like Plaintiffs' conversion and copyright claims (Dkt. No. 1

9  ¶¶ 56, 98), Plaintiffs' claim for promissory estoppel contains conclusory allegations that the BGA

10  Defendants were not *bona fide* purchasers of the Archives.  (Dkt. No. 1 ¶ 84.)  In other words, both

11  the copyright claim and the promissory estoppel claim arise from the same course of conduct:  the

12  BGA Defendants' acquisition of the Archives.  Therefore, the BGA Defendants should recover their

13  attorneys' fees and costs for defending against Plaintiffs' promissory estoppel claim.

### c.    *Unjust Enrichment*

15  Like Plaintiffs' copyright, conversion claims, and promissory estoppel claims, their unjust

16  enrichment claim "is based on their allegations that the BGA Defendants 'wrongfully acquired the

17  copyrights and the scrapbooks.'"  (Dkt. No. 93 at 25:25-27.)  Moreover, Plaintiffs alleged the BGA

18  Defendants' were unjustly enriched through their purported use and exploitation of "the converted

19  intellectual property (*i.e.*, *the Copyrights*)…."  (Dkt. No. 1 ¶ 93 (emphasis added).)  Therefore,

20  Plaintiffs' unjust enrichment claim is inextricably intertwined with their copyright claim.  As such,

21  these claims are related and the BGA Defendants are entitled to their attorneys' fees and costs for

22  defending against Plaintiffs' unjust enrichment claim.

### d.    *Declaratory Relief*

24  Finally, Plaintiffs' declaratory relief claim is related to their copyright claim because both

25  claims arise out of a dispute over ownership of the copyrights at issue.  Plaintiffs alleged that there

26  was "a dispute over the ownership of certain assets, *to wit the Copyrights*…."  (Dkt. No. 1 ¶ 102)

27  (emphasis added).  But the Court determined that "Plaintiffs do not own the copyrights at issue" and

28  dismissed the declaratory relief claim because Plaintiffs did not allege facts "showing that there is an

10

1  actual case or controversy." (Dkt. No. 93 at 26:16-17, 27:3-5.)  Therefore, both the copyright claim

2  and the declaratory relief claimed turned on who owned the copyrights at issue.  Because both of

3  these claims involved a common core of facts, the BGA Defendants should recover fees and costs

4  for defending against Plaintiffs' declaratory relief claim.

5      In sum, all of Plaintiffs' claims involved the same course of conduct and factual background.

6  Each of these causes of action arose from the BGA Defendants' acquisition of the Archives, which

7  included the copyrights that were alleged to be at issue in this case.  Therefore, the BGA Defendants

8  respectfully request that the Court award attorneys' fees and costs for defending against all of

9  Plaintiffs' claims.

10          **B.      The BGA Defendants Request that the Court Award Reasonable Attorneys'**

11              **Fees in the Amount of $134,243.25**

12      "In applying [Section 505], district courts are charged with two tasks:  first, deciding whether

13  an award of attorneys' fees is appropriate, and second, calculating the amount of fees to be

14  awarded." *Traditional Cat Ass'n v. Gilbreath*, 340 F.3d 829, 832-33 (9th Cir. 2003).  According to

15  the Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee

16  number is the number of hours reasonably expended on the litigation multiplied by the reasonable

17  hourly rate," also known as the "lodestar" amount. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

18              **1.      Defense Counsel's Hourly Rates are Reasonable**

19      Defense counsel's rates were consistent with the rates typically charged by other highly-

20  regarded law firms for similar work by attorneys of comparable experience. *See Love v. Mail on*

21  *Sunday*, 2007 WL 2709975 at *8 (C.D. Cal. Sept. 7, 2007) (finding rates charged by personnel from

22  Mannatt, Phelps & Phillips ranging from $220 per hour for paralegal work to $690 per hour for

23  partner work to be reasonable); *Comite De Jornaleros De Redondo Beach v. City of Redondo Beach*,

24  2006 WL 4081215 at *3 (C.D. Cal. 2006) (finding that $600 was a reasonable hourly rate in 2006

25  for a partner at Morrison & Forster's Los Angeles office, who graduated from law school in 1991).

26  The Ninth Circuit looks to the rates in effect at the time of the prevailing party's fee application

27  rather than the rates charged when the litigation began. *Gates v. Deukmejian*, 987 F.2d 1392, 1406

28  (9th Cir. 1992).  As set forth in the supporting Ranahan Declaration submitted in support of this

**Winston & Strawn LLP**
**333 S. Grand Avenue**
**Los Angeles, CA 90071-1543**

1   motion, the legal professionals from Winston & Strawn working on this matter were billed at a

2   blended rate of $515, and thus were billed at rates at least consistent, and in some instances much

3   lower than, the attorneys' standard hourly rates determined to be reasonable by other courts in

4   similar cases.  [Ranahan Decl. ¶¶ 6-34 and Exhs. C-G.]  Similarly, the minimal fees incurred by Mr.

5   Martin as set forth in the Martin Declaration only consist of $1370.50, and as explained therein, are

6   likewise reasonable.  [Martin Decl. ¶ 2].  These fees and costs were necessary to bring this matter to

7   a swift close, before additional resources by the parties and the Court were expended.

8   ### 2.   <u>The Hours Expended by Defense Counsel are Reasonable</u>

9   The number of hours reasonably expended on a matter includes time spent drafting and

10  revising pleadings, meeting with clients, preparing the case for trial, and handling an appeal (if any).

11  *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983).  As set forth in the supporting Ranahan Declaration

12  and Martin Declaration, and supporting exhibits, the BGA Defendants' fees and costs were

13  reasonably expended to defend against this action.

14  ### C.   The BGA Defendants Request that the Court Award Full Costs in the

15  ### Amount of $8,189.50

16  Section 505 provides that "the court in its discretion may allow the recovery of *full* costs by

17  or against any party…."  17 U.S.C. § 505 (emphasis added).  The Ninth Circuit has held that this

18  includes costs beyond those taxable under 28 U.S.C. § 1920.  *Twentieth Century Fox*, *supra*, 429

19  F.3d at 884-85.  For example, plaintiffs can recover the cost of computerized legal research so long

20  as they present evidence that the requested fees were actually incurred.  *See id.* at *11 (court would

21  be inclined to grant fees for computerized legal research, but declined to do so because there was

22  "insufficient evidence to demonstrate that the requested fees were actually incurred").  Here, the

23  minimal costs sought here were all necessary to the BGA Defendants' defense of this action,

24  $3,819,95, should be awarded as full costs under Section 505.

25  ### D.   The BGA Defendants Request that the Court Award the Time Spent

26  ### Preparing This Motion

27  Attorneys' fee awards generally include the time spent preparing and litigating a motion to

28  obtain a fee award ("fees on fees").  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

12

2008).  The BGA Defendants will amend this request to cover the total amount of fees and costs associated with bringing this Motion.

**IV.     CONCLUSION**

For all the foregoing reasons, the BGA Defendants hereby request an order granting them $134,243.25  in total attorneys' fees and $3,819,95 in full costs in connection with defending themselves in this action, plus the total fees and costs incurred in connection with this motion.

Dated:  July 11, 2011                              WINSTON & STRAWN LLP


By:     /s/ Erin R. Ranahan
          Erin R. Ranahan
          333 S. Grand Avenue, 38th Floor
          Los Angeles, CA  90071
          (213) 615-1700 (Telephone)
          (213) 615-1750 (Facsimile)

          And

          Michael S. Elkin
          Thomas Patrick Lane
          200 Park Avenue
          New York NY  10166
          (212) 294-6700 (Telephone)
          (212) 294-4700 (Facsimile)

          Attorneys for Defendants
          BILL GRAHAM ARCHIVES LLC, d/b/a
          WOLFGANG'S VAULT, NORTON LLC and
          WILLIAM E. SAGAN

LA:296605.2

THE BGA DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMO OF P's & A's– CV 10-4877 CW