COOPER, WHITE & COOPER LLP
WILLIAM H. G. NORMAN (SBN 49942)
  wnorman@cwclaw.com
JILL B. ROWE (SBN 197713)
  jrowe@cwclaw.com
SCOTT M. McLEOD (SBN 242035)
  smcleod@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone:    (415) 433-1900
Facsimile:     (415) 433-5530

Attorneys for NICHOLAS P. CLAINOS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| ALEXANDER GRAHAM-SULT, an individual, and DAVID GRAHAM, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>NICHOLAS P. CLAINOS, an individual, RICHARD L. GREENE, an individual, LINDA McCALL, an individual, GREENE RADOVSKY MALONEY SHARE & HENNINGH LLP, a limited liability partnership, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company, NORTON LLC, a limited liability company, and WILLIAM E. SAGAN, an individual,<br><br>Defendants. | CASE NO. CV 10 4877 CW<br><br>**SUPPLEMENTAL DECLARATION OF WILLIAM H. G. NORMAN IN SUPPORT OF NICHOLAS P. CLAINOS' MOTION FOR ATTORNEYS FEES AND COSTS**<br><br>Date:    September 22, 2011<br>Time:   2:00 p.m.<br>Dept.:   2 |

DECLARATION OF WILLIAM H. G. NORMAN

I, William H. G. Norman, declare as follows:

1.  I am an attorney duly admitted to practice before this Court. I am a partner with Cooper, White & Cooper LLP ("CWC"), attorneys of record for Nicholas P. Clainos. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2. Before CWC billed a single minute of time to this case, before I was even retained to represent Mr. Clainos in this matter, I had reviewed the Complaint and determined that Plaintiffs' case was a SLAPP, and that an anti-SLAPP motion was the vehicle to attack the Complaint. Therefore, once CWC was retained, and once CWC's attorneys began billing Mr. Clainos in this matter, the purpose of all factual investigation and research was for the purpose of developing factual and legal support for both prongs of the anti-SLAPP motion, with the exception of the time that CWC's timekeepers noted was spent for indemnity issues or court ordered case management issues.

3. Plaintiffs attack many of the time entries as being for non-SLAPP work, but, as the attorney directly involved, I am in a much better position to determine whether the work was performed for the anti-SLAPP motion. For example, Plaintiffs attack my December 8, 2010 time entry:

> Further review of documents received from client. Further work on chronology. Report to Mr. Clainos. Lengthy conference with Greene attorney in regard to documents. Motion to dismiss[1] and other tactical matters. Report to Mr. Clainos. Conference regarding intellectual property ownership issues raised by Greene attorney.

However, the work reflected in the above time entry was directly related to developing the anti-SLAPP motion. As the Court knows, one of the bases of Prong Two of the anti-SLAPP motion was that Plaintiffs' claims lacked merit because they were barred by the statute of limitations. The review of client documents and work on the chronology was therefore done specifically with an eye toward establishing that defense (and other potential Prong Two defenses). Further, the conference regarding "intellectual property ownership" issues was directly related to the anti-SLAPP motion, as ownership of the disputed property was a key to whether or not the Plaintiffs' claims had merit under Prong Two.

4. Notably, the first assignment my associate performed, the very next day after the above entry, was to "Search for cases involving probate/executor and Anti-SLAPP motions…",

---

[1] As noted in the moving papers, I and Ms. Rowe sometimes loosely referred to the anti-SLAPP motion as a motion to dismiss.

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

662958.1                                    2                              CV 10 4877 CW
SUPPLEMENTAL DECLARATION OF WILLIAM H. G. NORMAN IN SUPPORT OF NICHOLAS P. CLAINOS' MOTION FOR ATTORNEYS FEES AND COSTS

thus demonstrating that the legal and factual basis for an anti-SLAPP motion was being developed from the outset. *See* 12.09.10 entry for SXM (attached as Exhibit A to my prior declaration [Docket No. 99]).

5. In the declaration of Carolyn Johnston filed in support of Plaintiffs' Oppositions [Docket No. 126], Ms. Johnston strikes out time entries that she apparently believes were not related to the anti-SLAPP motion. However, as noted previously, CWC's timekeepers each carefully reviewed the billing records filed in support of the fee application and indicated the percentage of time reflected in each entry that was devoted to the anti-SLAPP motion. Additionally, as noted above, this case from the outset was viewed as a SLAPP suit and (except for the identified indemnity and court-ordered case management issues), the legal and factual investigation was all conducted to develop the anti-SLAPP motion.

6. Specifically, all of the time entries that Ms. Johnston crossed out in the December bill were related to the anti-SLAPP motion. My initial document review and conferences with co-defendants counsel, reflected in my 12/01 – 12/07 time entries, was undertaken to develop the factual defenses to the action for Prong Two of the motion. Ms. Johnston also erroneously crossed out time entries dated 12/14, 12/15, and 12/16 regarding review and analysis of trademark history and issues. This work was related to Plaintiffs' claim that Clainos had purloined the Fillmore Trademark and was essential to the Prong Two defenses that, among other things, Plaintiffs had constructive knowledge of the public filings and that Mr. Greene's determination of company ownership of the trademarks was correct. For another example, Ms. Johnston crossed out a 12/14 time entry where I estimated that half of the time was spent on anti-SLAPP work and half of the time was spent on indemnity issues. I made a careful allocation of that time entry, and, on its face, the entry reflects work performed for the anti-SLAPP motion (*e.g.* trademark issues, factual investigation of defenses, etc.) Ms. Johnston also incorrectly crossed out my 12/10 time entry which mentions a "motion to dismiss" – as noted, I sometimes referred to the anti-SLAPP motion as a motion to dismiss and this and other entries which discuss a motion to dismiss were related to the anti-SLAPP motion. Based on my recollection and review of the records, the time entries that Ms. Johnston crossed out were in fact related to the anti-SLAPP motion.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

662958.1                                                        3                                              CV 10 4877 CW
SUPPLEMENTAL DECLARATION OF WILLIAM H. G. NORMAN IN SUPPORT OF NICHOLAS P. CLAINOS'
MOTION FOR ATTORNEYS FEES AND COSTS

7.      For January time, the entries that Ms. Johnston crossed out are directly related to various aspects of the anti-SLAPP motion. For example, Ms. Johnston crossed out 1/05, 1/06, and 1/07 entries which expressly relate to the *res judicata* effect of the orders in the Probate proceedings. One of the key issues raised in the anti-SLAPP motion was that the probate court had jurisdiction over the matters alleged in the complaint and that its orders were *res judicata*. Ms. Johnston again erroneously crossed out a 1/05 entry related to trademark issues. For the remainder of the crossed out January entries, it should be noted that CWC's attorneys identified the majority of those as not being related to the anti-SLAPP motion and therefore that time was expressly not counted toward the $92,640.00 that Mr. Clainos requests as being directly related to the anti-SLAPP motion. However, for some of the entries, *e.g.* 1/14, 1/18, 1/19, 1/20, 1/24, I identified modest percentages of the time that was spent for the anti-SLAPP motion based on my review of the records and my recollection. Ms. Johnston's strike-throughs do nothing to cast doubt on those allocations. Finally, Ms. Johnston improperly crosses out time entries (1/24 and 1/26) which expressly reference time spent dealing with possible continuances of the hearing date for the anti-SLAPP motion. That time is surely related to the motion and recoverable.

8.      For February, Ms. Johnston again improperly crossed out time entries related to establishing the hearing date/briefing schedule for the anti-SLAPP motion (2/02). Ms. Johnston incorrectly crossed out time entries related to Katherine York, who submitted a declaration in support of the BGA defendants motion, and who had relevant knowledge regarding the "scrapbooks" and Clainos' defenses with respect to the scrapbook claims (2/03). Again, for a majority of the February time entries, the timekeepers allocated none or only a small portion of the entries to work on the anti-SLAPP motion, and those allocations should not be disturbed. (2/10-2/28). The small portions allocated to the motion generally describe fact gathering for defenses.

9.      For March, Ms. Johnston again incorrectly crossed out time entries regarding calendaring and briefing schedules for the anti-SLAPP motion (3/03) or page limits regarding the motions (3/16). Ms. Johnston also crossed out time entries that were partially allocated to the anti-SLAPP motion, including a 3/21 entry that included "call with N. Clainos re: substantive issues for reply brief ... further review and interpretation of case law cited by plaintiff; begin draft of reply

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

662958.1                                            4                                            CV 10 4877 CW
SUPPLEMENTAL DECLARATION OF WILLIAM H. G. NORMAN IN SUPPORT OF NICHOLAS P. CLAINOS'
MOTION FOR ATTORNEYS FEES AND COSTS

brief, review and evaluation of utility of declaration drafted by N. Clainos, and compare against documents for factual accuracy." Allocating 90% of this time entry to anti-SLAPP work was clearly justified. Ms. Johnston also crossed out time entries (3/23, 3/24) related to the standard of care for personal probate with respect to conduct of a decedent's business, which issue was related to the Prong Two analysis of whether Clainos' actions as executor were entitled to deference. Ms. Johnston again incorrectly crossed out a 3/24 time entry related to trademark issues.

10. For April, May and June, Plaintiffs do not challenge any of CWC's allocations.

11. As shown above, the time that CWC's timekeepers identified as being related to the anti-SLAPP motion was in fact related to that motion. All of the factual investigation and legal research (unless otherwise noted) was devoted to developing the motion and is therefore recoverable.

12. Attached hereto as Exhibit A is a true and correct copy CWC's July invoice for this matter. (Some information has been redacted). It is my estimate, based on a review of August time entries recorded so far, that the cost of preparing this Reply brief will be $7,000, representing more than 20 additional hours. Based on my experience in making anti-SLAPP motions, and given the extensive briefing and multiple declarations submitted by Plaintiffs in their Opposition, this is a very reasonable amount of time and a very reasonable charge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed August 19, 2011, at San Francisco, California.

_____
William H. G. Norman

COOPER, WHITE & COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

662958.1                                              5                                       CV 10 4877 CW
SUPPLEMENTAL DECLARATION OF WILLIAM H. G. NORMAN IN SUPPORT OF NICHOLAS P. CLAINOS'
MOTION FOR ATTORNEYS FEES AND COSTS

# EXHIBIT A



COOPER
WHITE &
COOPER

```
                                                    Page         1
                                                    Inv#   1058721
                                                    Date   08/02/2011
Nicholas P. Clainos                                 16144.05000.WHGN


    Re: adv. Alex Graham-Sult & David Graham
```

FOR PROFESSIONAL SERVICES RENDERED THROUGH JULY 31, 2011

|  |  | HOURS |
|---|---|---:|
| 7/01/11 WHGN | Further work on attorney fee application. | .40 |
| 7/05/11 WHGN | Further work on attorney fee application; emails to and from various attorneys to obtain their declarations in support of reasonable hourly rates; make revisions to brief in regard to sorting out percentages of time devoted to various tasks; direct further handling of meet and confer process with regard to opposing counsel on fee application issues. | 1.50 |
| 7/05/11 SXM | Further work on fee motion; attention to Westlaw product re: market data for hourly rates; correspondence with plaintiffs' counsel re: meet and confer requirement; | 2.00 |
| 7/06/11 SXM | Prepare two declarations re: market rate of attorneys and correspondence with declarants; calculate and allocate fees between SLAPP and non-SLAPP issues; prepare bill of costs | 2.30 |
| 7/07/11 WHGN | Further work on Norman Declaration, Stratton Declaration, and Stumpf Declaration; review and revise brief supporting application for fees; conference with co-counsel in regard to hearing issues and strategies; | 1.70 |

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | conference with Mr. McLeod to direct further handling of meet and confer process with plaintiff's counsel as required by court rules relative to fee request. | |
| 7/07/11 | SXM | Further work on application and supporting declarations; meet and confer with plaintiffs' counsel re: fee motion. | .90 |
| 7/08/11 | WHGN | Final review and approval of Stratton, Stumpf, and Norman Declarations; lengthy conference with co-defendants counsel in regard to hearing strategies and dates. | .80 |
| 7/08/11 | SXM | Attention to hearing dates in Wilken's dept. and scheduling; evaluation of parties' requests for stipulation re: filing/hearing schedule; attention to declarations supporting hourly rates; redact time sheets. | 1.00 |
| 7/11/11 | WHGN | Further review, refinement and finalizing of motion for attorneys fees; review correspondence in regard to execution of potential order extending time; direct further handling' begin review of Greene and Sagan motions. | 2.10 |
| 7/11/11 | SXM | Review stipulation and evaluate whether it covers bills of costs; review local rule re: whether court must approve stipulation; finalize and prepare fee motion for filing, including current numbers, notice, and proposed order, in event court does not approve stipulation; correspondence with all counsel re: stipulation and filing; direct filing of motion. | 1.30 |
| 7/12/11 | SXM | Calendar briefing schedule. | .10 |
| 7/13/11 | WHGN | Review court order; review correspondence to and from counsel in regard to attorneys fee issues and extensions; review detailed declarations from co-defendant just received regarding fees and reasonable standards to be used in connection with our motion. | .60 |
| 7/13/11 | SXM | Evaluation of stipulation proposed by plaintiffs and correspondence re: same; prepare and file declaration. | .40 |
| 7/14/11 | WHGN | Review numerous emails from various attorneys regarding proposed terms and stipulations regarding briefing schedule, meet and confer process, and fee application issues. | .70 |

Case 4:10-cv-04877-CW   Document 133   Filed 08/19/11   Page 9 of 9

```
                                              Page        3
                                              Inv#   1058721
                                              Date  08/02/2011
                                              16144.05000.WHGN
```

| Date | Atty | Description | Hours |
|---|---|---|---|
| 7/14/11 | SXM | Review and evaluate plaintiffs' revised stipulation and related correspondence; call with plaintiffs' counsel re: same. | .40 |
| 7/18/11 | SXM | Receipt of order re: briefing and update calendar entries. | .10 |
| 7/20/11 | WHGN | Review and respond to various emails from various counsels in regard to attorney fee issues, meet and confer issues, and attorney fee briefing. | .30 |
| 7/20/11 | SXM | Correspondence to defendant with attention to status of Plaintiffs' meet and confer efforts. | .10 |
| 7/22/11 | WHGN | Further attention to attorneys fee issues. | .30 |
| 7/22/11 | SXM | Receipt and review of appellate papers; review appellate procedures and summarize upcoming deadlines for client. | .50 |
| 7/25/11 | WHGN | Review Order from Court and report to Mr. Claiños; review 9th Circuit Order and forward to Mr. Clainos | .20 |
| 7/26/11 | WHGN | Review materials received from Court and report to Mr. Clainos. | .40 |
| 7/29/11 | SDK | Research and draft email to Bill Norman re: 9th Circuit appellate issues. | 1.50 |
| 7/29/11 | WHGN | Further attention to attorney fee issues, including need for plaintiffs to post bond during appeal to stop our enforcement of our order against their assets. | .60 |

```
        TOTAL HOURS                                        20.20

        TOTAL SERVICES                                          $ 8,217.50


        Computerized Legal Research - Correction                  -31.09
        charge
        Computerized Legal Research -06/28/11 Westlaw              47.80
        Inv.#823130956
        Computerized Legal Research -06/30/11 Westlaw              70.31
        Inv.#823130956
        Messenger/Courier Service                                  69.51
        Duplicating/Document Production                            46.60

        TOTAL EXPENSES                                          $   203.13


        TOTAL THIS INVOICE                                      $ 8,420.63
```