IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER GRAHAM-SULT and DAVID GRAHAM, | No. CV 10-4877 CW |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTIONS FOR ATTORNEYS' FEES AND COSTS |
| v. | |
| NICHOLAS P. CLAINOS, RICHARD L. GREENE, LINDA McCALL, GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, NORTON LLC and WILLIAM E. SAGAN, | |
| Defendants. | |

_____/

Defendant Nicholas P. Clainos and Defendants Richard Greene,
Linda McCall and Greene Radovsky Maloney Share & Hennigh LLP
(collectively, Greene Defendants) move for an award of attorneys'
fees and costs pursuant to California Code of Civil Procedure
section 425.16, commonly known as California's Anti-Strategic
Lawsuit Against Public Participation (Anti-SLAPP) statute.
Defendants Bill Graham Archives LLC, Norton LLC and William E.
Sagan (collectively, BGA Defendants) move for an award of
attorneys' fees and costs under the Copyright Act, 17 U.S.C.
§ 505.  Plaintiffs Alexander Graham Sult and David Graham oppose
all three motions.

After a full consideration of the evidence and declarations
filed in support and in opposition, the Court GRANTS Clainos's

Motion for Attorneys' Fees and Costs and awards him $126,431.50 in fees incurred and reasonable fees for the reply; GRANTS Greene Defendants' Motion for Attorneys' Fees and Costs and awards them $240,506 in fees incurred and reasonable "fees on fees"; and GRANTS BGA Defendants' Motion for Attorneys' Fees and Costs and awards them $134,243.25 in fees and $3,819.95 in costs incurred, and reasonable "fees on fees."

BACKGROUND

In its Order of June 24, 2011, the Court granted Clainos's and Greene Defendants' anti-SLAPP motions to strike and for attorneys' fees.  Clainos and Greene Defendants now move the Court for an award of attorneys' fees and fees incurred in filing motions for anti-SLAPP fees (i.e. "fees on fees") pursuant to California Code of Civil Procedure section 425.16(c), which permits a prevailing defendant to recover his or her attorneys' fees and costs.  Clainos and Greene Defendants are requesting amounts of $133,431.50 and $260,506.50, respectively.  Plaintiffs oppose both motions on the ground that the fees requested are unreasonably high.

Clainos argues that an award of $133,431.50 for attorneys' fees and costs is reasonable.  The $133,431.50 figure comprises $92,640.00 (approximately 235 hours) for the anti-SLAPP motion, $20,118.50 incurred with respect to indemnity issues, $1,945.50 for case management matters, $11,727.50 for the fee request and an estimated $7,000 for the reply.  Clainos submits detailed billing

records and declarations attesting to the reasonableness of the rates of Clainos's attorneys.  Norman Dec., Ex. A; Norman Supp. Dec., Ex. A; Stratton Dec. and Stumpf Dec.

Greene Defendants request $240,506.50 in attorneys' fees and an estimated $20,000 for "fees on fees."  Greene Defendants submit records and declarations in support of charges by their attorneys at the Howard Rice and Hinshaw law firms.  Falk Dec.; Hughes Dec.; Mallen Dec. and Chivers Dec.

Plaintiffs argue that the amounts requested by Clainos and Greene Defendants are unreasonably high.  With respect to Clainos's motion, Plaintiffs contend that 235 hours spent on an anti-SLAPP motion is excessive.  Olson Dec. ¶ 14.  Further, they argue that Clainos should be entitled to fees only for the motion to strike.  They contend that an award in excess of $71,857.50 would be improper.  Johnston Dec. ¶ 5.

Plaintiffs advance similar arguments in opposing Greene Defendants' motion.  They claim that the amount requested is unreasonably high because of Greene Defendants' decision to retain both the Howard Rice and Hinshaw law firms.  Plaintiffs allege that the involvement of the Howard Rice law firm was unnecessary and, further, that the collaboration between the Howard Rice and Hinshaw law firms created inefficiency.  Accordingly, Plaintiffs argue that the fees incurred by the Howard Rice law firm or incurred as a result of the collaboration between the Howard Rice and Hinshaw law firms should be excluded.  Olson Dec. ¶¶ 7-13.

Moreover, Plaintiffs contend that the Court should not award fees for tasks not related directly to the motion to strike, notably the motion to dismiss. Lastly, Plaintiffs allege that $10,000 to $15,000 would be a more reasonable amount for "fees on fees."

In the Order of June 24, 2011, the Court granted BGA Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs invoked federal question jurisdiction (28 U.S.C. 1338(a)) and brought five claims against BGA Defendants: conversion, unjust enrichment, promissory estoppel, copyright infringement and declaratory relief. The Court dismissed all five claims without leave to amend. BGA Defendants now move, pursuant to section 505 of the Copyright Act, for an award of attorneys' fees in the amount of $177,366.75 (including $43,123.50 in "fees on fees") and costs in the amount of $3,819.95. Ranahan Dec. and Ranahan Sec. Supp. Dec.

Plaintiffs oppose the motion. They contend that BGA Defendants are not entitled to a recovery of attorneys' fees and costs under the Copyright Act because the only issue adjudicated-- ownership and title to the poster copyrights--does not arise under the Copyright Act. In the alternative, Plaintiffs argue, the Court should grant BGA Defendants fees incurred with respect only to defending the copyright claim. Plaintiffs contend that the Court should reduce the fee request by at least ninety percent.

DISCUSSION

I. Legal Standard

California's anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."  Cal. Civ. Proc. Code § 425.16(c); see also Bernardo v. Planned Parenthood Fed. of Am., 115 Cal. App. 4th 322, 360-367 (2004) (explaining policy behind mandatory fees and costs provision of anti-SLAPP statute).

In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar."  Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996).  There is a strong presumption that the lodestar figure represents a reasonable fee.  Jordan, 815 F.2d at 1262.

In calculating the lodestar, the court must determine both a reasonable number of hours and a reasonable hourly rate for each attorney.  Morales, 96 F.3d at 363.  In calculating a reasonable number of hours, the applicant must justify his or her claim by submitting detailed time records.  The court may adjust these hours down if it believes the documentation to be inadequate, if the hours were duplicative, or if the hours were either excessive or unnecessary.  Chalmers v. City of Los Angeles, 796 F.2d 1205,

1210 (9th Cir. 1986). An upward adjustment of the lodestar is
appropriate only in extraordinary cases, such as when the
attorneys faced exceptional risks of not prevailing or not
recovering any fees. Id. at 1212.

Determining a reasonable hourly rate is also a critical
inquiry. Jordan, 815 F.2d at 1262 (citing Blum v. Stenson, 465
U.S. 886, 895 n.11). In establishing the reasonable hourly rate,
the district court should take into account (1) the novelty and
complexity of the issues, (2) the special skill and experience of
counsel, (3) the quality of representation, (4) the results
obtained and (5) the contingent nature of the fee agreement. City
of Burlington v. Dague, 505 U.S. 557, 562-63 (1992). These
factors are subsumed in the initial lodestar calculation, and
should not serve as independent bases for adjusting fee awards.
Morales, 96 F.3d at 363-64. Reasonable fees are generally
calculated according to the prevailing market rates in the forum
district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir.
1992).

The Supreme Court has recognized that, while it is
appropriate for the district court to exercise its discretion in
determining an award of attorneys' fees, it remains important for
the court to provide "a concise but clear explanation of its
reasons for the fee award." Hensley v. Eckerhart, 461 U.S. 424,
437 (1983); Hall v. Bolger, 768 F.2d 1148, 1151 (9th Cir. 1985)
(in computing an award, the district court should provide a

6

"detailed account of how it arrives at appropriate figures for 'the number of hours reasonably expended' and 'a reasonable hourly rate'") (quoting Blum, 465 U.S. at 898).

Under the Copyright Act, an award of attorneys' fees to the prevailing party is within the Court's discretion: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994), the Supreme Court held, "Prevailing plaintiffs and prevailing defendants are to be treated alike." The Court approved a list of "nonexclusive" factors to guide the trial court's discretion in determining whether to award attorneys' fees to a prevailing party in a copyright infringement action: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. at 534 n.19 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)). The Court stressed that such factors may be used so long as they are "faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." Id.

The Supreme Court confirmed that an award of attorneys' fees pursuant to section 505 is within the discretion of the trial

**United States District Court**
For the Northern District of California

court: "'There is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" Id. at 534 (quoting Hensley, 461 U.S. at 436-37).

The Ninth Circuit applies the factors prescribed by the Court in Fogerty, noting that trial courts should focus on the "purposes of the Copyright Act (to promote creativity for the public good) and apply the factors in an evenhanded manner to prevailing plaintiffs and prevailing defendants alike." Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994). The Ninth Circuit has also added another factor to consider, "the degree of success obtained," id. at 890, and has stressed that "blameworthiness" or "exceptional circumstances" are not necessary for an award of attorneys' fees to a defendant, see Fantasy, Inc. v. Fogerty, 94 F.3d 553, 558, 559 (9th Cir. 1996);[1] Historical Research v. Cabral, 80 F.3d 377, 378 (9th Cir. 1996). Moreover, the Ninth Circuit has stated that the prevailing party in a copyright action may recover attorneys' fees in defending that claim or any related claims. Traditional Cat Ass'n, Inc. v. Gilbreath, 340 F.3d 829, 833 (9th Cir. 2003).

II.  Clainos and Greene Defendants

A. Reasonable Hours

With respect to Clainos's motion, upon a thorough review of the billing records and declarations, the Court finds that the 235

---

[1] This case stems from the Supreme Court's remand to the Ninth Circuit, and subsequent trial and appellate proceedings.

hours Clainos's attorneys spent on the anti-SLAPP motion is not unreasonably high.  See Norman Dec., Ex. A and Norman Supp. Dec., Ex. A.  Plaintiffs do not offer specific evidence to demonstrate convincingly that Clainos's attorneys should have spent fewer hours on the anti-SLAPP motion.  Their assumption that Clainos's attorneys could have benefitted from work done by Greene Defendants' attorneys who filed their motion first is speculative. Plaintiffs have not demonstrated persuasively that the fee award Clainos is requesting is unreasonably high in light of the facts of this particular case.

With respect to Greene Defendants' motion, the Court finds that the time expended by the attorneys involved is not unreasonable.  It is possible that the collaboration between the two law firms may have led to duplication in some instances. Here, however, Plaintiffs do not offer concrete examples or evidence to show persuasively that the work of the Howard Rice law firm was unnecessary or that the collaboration between the Howard Rice and Hinshaw law firms created inefficiency.  The Court is satisfied with Greene Defendants' explanation and justification that the involvement of the Howard Rice law firm was essential and, further, that the collaboration between the Howard Rice and Hinshaw law firms did not create inefficiency.  See Falk Dec., Hughes Dec., Mallen Dec. and Chivers Dec.

Plaintiffs also argue that Clainos and Greene Defendants should be entitled to fees incurred only with respect to the

motion to strike.  The Court disagrees.  A prevailing party can recover fees not incurred directly on the anti-SLAPP motion if the work done is "based entirely on a common factual scenario" and the issues are "inextricably intertwined."  Kearney v. Foley & Lardner, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008).  Here, Clainos and Greene Defendants defended successfully against a SLAPP suit.  Order Granting Clainos's and Greene Defendants' Anti-SLAPP Motions to Strike and for Attorneys' Fees, Docket No. 93 at 20:2 and 21:14-15.  The Court finds that the work of Clainos's attorneys on indemnity and case management issues, as well as the work of Greene Defendants' attorneys on the motion to dismiss, is "based entirely on a common factual scenario" and "inextricably intertwined" with the anti-SLAPP motion.  See Kearney, 553 F. Supp. 2d at 1184.  Accordingly, Clainos and Greene Defendants' reasonable defense fees are recoverable.

B. Reasonable Hourly Rates

Plaintiffs do not object to the hourly rates of Clainos and Greene Defendants' attorneys.  Upon a review of the declarations submitted by Clainos and Greene Defendants, the Court is satisfied that the hourly rates of the attorneys involved are reasonable for attorneys with comparable levels of experience working on similar issues in this market.

For the foregoing reasons, the Court GRANTS the motions for attorneys' fees and costs.  The Court awards Clainos $126,431.50 in fees incurred and reasonable fees for the reply.  The Court

awards Greene Defendants $240,506 in fees incurred and reasonable "fees on fees."

## III. BGA Defendants

Based on the <u>Fogerty</u> factors, and an equitable exercise of discretion, the Court finds that an award of attorneys' fees and costs to BGA Defendants is warranted. BGA Defendants defended successfully against an action brought under the copyright laws by securing a dismissal without leave to amend. The fact that Plaintiffs brought this action under the copyright laws even though they did not own the copyrights in question does not prove that Plaintiffs filed this action frivolously or that their motive was improper. Nevertheless, this action is objectively unreasonable because Plaintiffs could not meet the elements of a copyright infringement claim or allege facts to demonstrate an actual case or controversy with respect to the other four non-copyright claims. An award of attorneys' fees and costs to BGA Defendants will help deter similarly unreasonable lawsuits.

Contrary to Plaintiffs' argument, the Court determines that BGA Defendants may recover all reasonable defense fees because the copyright infringement claim is related to the claims of conversion, unjust enrichment, promissory estoppel and declaratory relief. <u>See</u> <u>Traditional Cat Ass'n, Inc.</u>, 340 F.3d at 833. Plaintiffs have failed to show that the four non-copyright claims are unrelated to the copyright infringement claim. All five claims stem from the same set of facts and relate to the core

11

1  issue of ownership of the copyrights in question.  The Court

2  awards fees to BGA Defendants for their successful defense of the

3  copyright infringement and related non-copyright claims.

4      Upon a careful review of the records submitted by BGA

5  Defendants, the Court is satisfied that the amount requested

6  represents a reasonable "lodestar" figure.  The number of hours

7  BGA Defendants' attorneys expended on this litigation is not

8  excessive; and the hourly rate is reasonable because the evidence

9  indicates that the blended rate reduced the attorneys' fees by

10 approximately $30,000.  See Ranahan Dec. and Ranahan Sec. Supp.

11 Dec.  Furthermore, BGA Defendants can recover "fees on fees" and

12 necessary costs for their successful defense.

13     Thus, the Court awards BGA Defendants $134,243.25 in fees and

14 $3,819.95 in costs incurred, and reasonable "fees on fees."

15                         CONCLUSION

16     For the foregoing reasons, the Court GRANTS Clainos's Motion

17 for Attorneys' Fees and Costs and awards him $126,431.50 in fees

18 incurred and reasonable fees for the reply; GRANTS Greene

19 Defendants' Motion for Attorneys' Fees and Costs and awards them

20 $240,506 in fees incurred and reasonable "fees on fees"; and

21 GRANTS BGA Defendants' Motion for Attorneys' Fees and Costs and

22 awards them $134,243.25 in fees and $3,819.95 in costs incurred,

23 and reasonable "fees on fees."  Within seven days, Clainos shall

24 submit documentation for fees incurred for the reply and Greene

Defendants and BGA Defendants shall submit documentation for fees incurred for "fees on fees."

If necessary, Plaintiffs may file a response of five pages or less, seven days thereafter, addressing only the reasonableness of the additional hours claimed, without repeating their arguments. Defendants may file a reply with the same restrictions.  A further order will issue thereafter.

IT IS SO ORDERED.

Dated:  3/23/2012

CLAUDIA WILKEN
United States District Judge