IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER GRAHAM-SULT and DAVID GRAHAM,<br><br>        Plaintiffs,<br><br>    v.<br><br>NICHOLAS P. CLAINOS, RICHARD L. GREENE, LINDA McCALL, GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, NORTON LLC and WILLIAM E. SAGAN,<br><br>        Defendants.<br>_____/ | No. C 10-4877 CW<br><br>FURTHER ORDER ON ATTORNEYS' FEES |

In its March 23, 2012 order, the Court granted Defendants Richard Greene, Linda McCall and Greene Radovsky Maloney Share & Hennigh LLP (collectively, Greene Defendants) and Defendant Nicholas P. Clainos' motions for award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 425.16, commonly known as California's Anti-Strategic Lawsuit Against Public Participation (Anti-SLAPP) statute and Defendants Bill Graham Archives LLC, Norton LLC and William E. Sagan's

1  (collectively, BGA Defendants) motion for an award of attorneys'
2  fees and costs under the Copyright Act, 17 U.S.C. § 505.  Docket
3  No. 142.  The Court awarded a total of $501,180.75 in fees.  Id.
4      The Court also awarded Clainos reasonable fees for his reply
5  and Greene Defendants and BGA Defendants reasonable "fees on fees"
6  and ordered Defendants to submit documentation for such fees.
7  Defendants have submitted their documentation, Plaintiffs have
8  submitted a response objecting to Clainos and Greene Defendants'
9  requests and Clainos and Greene Defendants have submitted replies.
10 Having considered the papers filed by the parties and the entire
11 record in this case, the Court GRANTS in part Clainos' request for
12 fees for the reply and awards him $12,181.28; GRANTS Greene
13 Defendants request for "fees on fees" and awards them $47,234; and
14 GRANTS BGA Defendants' request for "fees on fees" and awards them
15 $39,833.25.

DISCUSSION

I.  Clainos's Request

18     Clainos has submitted a request for $12,642.50 for fees for
19 the reply.  Clainos' counsel declares, "None of the fees sought
20 herein are included in the Court's Order of March 23, 2011
21 awarding $126,431.50, and all pertain to the filing of the Reply."
22 Norman Dec. ¶ 3.

23     Plaintiffs object to the amount claimed on three grounds.
24 First, Plaintiffs assert that Clainos should only be able to
25 recover $7,000, the amount his counsel estimated it would cost to
26 prepare and file the reply brief at the time of the original fee
27 application.  However, the Court declined to award the estimated
28 amount at the time it considered the original fee request, instead

2

inviting counsel to submit documentation for reply fees.  The $7,000 estimate is not binding, and Clainos has submitted documentation, including contemporaneous time records, to support his request for $12,642.50, which the Court will assess independent of the previous estimate.

Plaintiffs next argue that Clainos seeks fees for work completed in July 2011 that were already awarded in the Court's March 23, 2011 order.  While Clainos' filing suggests otherwise,[1] it appears that Clainos is now seeking only the total amount of the invoice for work performed in August 2011 because the amount sought matches the invoice total.  See Norman Dec., Ex. A.

Plaintiffs further argue that the August 2011 invoice includes work on matters other than the reply brief. Specifically, Plaintiffs object to fees for work performed before August 5, 2011, when Plaintiffs filed their response to the initial fee motion, and on or after August 18, 2011, when Clainos filed his reply.  The Court finds that the work performed before August 5, 2011 was reasonably related to the reply brief. Plaintiffs provide no basis for a finding that Clainos' counsel could not have begun work on the reply brief prior to the filing of Plaintiffs' response.

However, the Court finds that Clainos should not be awarded work clearly related to appellate issues, or performed after the

---

[1] Clainos' papers indicate that he is seeking the amount "billed from July, 2011 to August 23, 2011 in connection with the review of the opposition and preparation of the reply."  Docket No. 143 at 1.  See also Norman Dec. ¶ 4 (indicating that the amount sought is the "amount billed to the client for the work after July 11, 2011 and through the date of the Reply").

3

filing of the reply brief.  As Plaintiffs point out, a block entry for the date the reply brief was filed includes work related to the reply brief and work related to the appeal.  The Court will disallow 25% of this entry to account for time spent on the appeal rather than the reply.

Finally, Plaintiffs argue that Clainos has improperly claimed expenses for "computerized legal research on July 29, 2011 relating to the appeal."  Plaintiffs' Response at 5.  Plaintiffs do not explain how they concluded that this research was not related to the reply brief, but they cite the July invoice, which has an item on that date for "Research and draft email to Bill Norman re: 9th Circuit appellate issues."  The Court finds that Plaintiffs have met their burden of rebuttal with respect to the July 29 legal research costs.

Accordingly, the Court disallows part of Clainos' fee request as follows:

    August 3, 2011 item: "Research whether attorneys' fees are
    recoverable for successful SLAPP defendant on appeal and
    correspondence to client re: same"
            .30 hours x $350 rate (SXM) =$105

    August 19, 2011 billing block includes work not related to
    reply brief.  This item is reduced by 25%
            1.80 hours x $450 rate (WHGN) =$810.  Reduction=$202.50

    Work performed on August 22 and August 23, 2011
            .10 hours x $450 rate (WHGN) =$45
            .10 hours x $350 rate (SXM) =$35

    July 29, 2011 Research costs
            $73.72

The total disallowed amount of Clainos' request for reply fees is $461.22.  The total amount awarded is $12,181.28.

4

II. Greene Defendants' Request

Greene Defendants request $47,234 for "fees on fees." Plaintiffs argue that Greene Defendants should be limited to recovering $20,000, the amount estimated in the original fee application and in the reply filed in support of that application. However, as discussed above, the Court has not and will not limit Defendants' recovery to the estimates submitted at the time of the original fee application.

Greene Defendants provide evidence establishing that the hours expended were reasonable. See, e.g., Hughes Dec. ¶ 8 (outlining the reasons the fees exceeded the estimate). Moreover, they have voluntarily reduced their "fees on fees" request by ten percent. See Greene Defendants Reply at 4-5.

Plaintiffs have not presented any specific evidence to support their argument that Greene Defendants' request is excessive. The Court finds that the time expended by the attorneys involved is not unreasonable and awards Greene Defendants $47,234 in "fees on fees."

III. BGA Defendants' Request

The Court has reviewed BGA Defendants' unopposed request for $39,833.25 for "fees on fees" and the declaration filed in support of the request. The Court finds that the fees claimed are reasonable and awards the full amount requested.

CONCLUSION

For the foregoing reasons, the Court GRANTS in part Clainos's request for fees for the reply and awards him $12,181.28; GRANTS Greene Defendants' request for "fees on fees" and awards them

5

$47,234; and GRANTS BGA Defendants' request for "fees on fees" and awards them $39,833.25.

IT IS SO ORDERED.

Dated: 3/21/2013

CLAUDIA WILKEN
United States District Judge