**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER GRAHAM-SULT and DAVID GRAHAM,<br><br>    Plaintiffs,<br><br>  v.<br><br>NICHOLAS P. CLAINOS, RICHARD L. GREENE, LINDA McCALL, GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, NORTON LLC and WILLIAM E. SAGAN,<br><br>    Defendants.<br>_____/ | No. C 10-4877 CW<br><br>ORDER CONDITIONALLY GRANTING MOTION TO STAY AND DENYING MOTION FOR APPROVAL OF SUPERSEDEAS BOND (Docket No. 159) |

    In its March 23, 2012 order, the Court granted Defendants Richard Greene, Linda McCall and Greene Radovsky Maloney Share & Hennigh LLP (collectively, Greene Defendants) and Defendant Nicholas P. Clainos' motions for award of attorneys' fees and costs pursuant to California Code of Civil Procedure section 425.16, commonly known as California's Anti-Strategic Lawsuit Against Public Participation (Anti-SLAPP) statute and Defendants Bill Graham Archives LLC, Norton LLC and William E. Sagan's (collectively, BGA Defendants) motion for an award of attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505.  Docket

No. 142. The Court awarded a total of $501,180.75 in fees.[1] Id. Plaintiffs Alexander Graham-Sult and David Graham filed a timely notice of appeal of the Court's order on attorneys' fees.

Plaintiffs have filed a motion to stay execution of the fee award and for approval of a $615,000 supersedeas bond. Defendants oppose the motion, arguing that Plaintiffs' proposed bond is insufficient to protect them from the loss that may result from the stay. Defendants argue that the amount of the bond should be increased from $615,000 to $1 million, or the stay should be denied.

Having considered the parties' papers and the entire record in this case, the Court finds that Plaintiffs' proposed $615,000 bond is not sufficient to protect Defendants "from the risk of a later uncollectible judgment." National Labor Relations Board v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988). The Court finds that a bond in the amount of $750,000 is sufficient to protect Defendants' interest in the judgment, statutory interest, and any award of fees and costs on appeal. See, e.g., Cotton v. City of Eureka, California, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012) (citing Christopher A. Goelz & Meredith J. Watts, California Practice Guide: Ninth Circuit Civil Appellate Practice ¶ 1:168 (TRG 2011)) (reporting that a bond of 1.25 to 1.5 times the judgment is typically required).

For the foregoing reasons, the Court conditionally GRANTS Plaintiffs' motion to stay and denies their motion for supersedeas

---

[1] In a concurrently filed order, the Court grants Defendants a total of $99,248.53 in additional "fees on fees" and reply fees.

2

bond.  Within seven days of the date of this order, Plaintiffs shall post a supersedeas bond in the amount of $750,000 and provide the Court with notice that they have posted such a bond. Once Plaintiffs have done so, the Court will stay the case pending resolution of the appeal.

    IT IS SO ORDERED.

Dated: 3/21/2013

CLAUDIA WILKEN
United States District Judge

3