THERESE Y. CANNATA (SBN 88032)
KIMBERLY A. ALMAZAN (SBN 288605)
100 Pine Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 409-8900
Facsimile: (415) 409-8904
tcannata@ccolaw.com

JAMES J. BROSNAHAN
KEVIN A. CALIA
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Tel: (415) 268-7000
Fax: (415) 268-7522
E-mail: jbrosnahan@mofo.com

Attorneys for Plaintiffs
ALEXANDER GRAHAM-SULT
and DAVID GRAHAM

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ALEXANDER GRAHAM-SULT, an individual and DAVID GRAHAM, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> NICHOLAS P. CLAINOS, an individual, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company, NORTON LLC, a limited liability company, and WILLIAM E SAGAN, an individual, <br><br> Defendants. | Case No. 4:10-cv-04877-CW <br><br> **STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL INFORMATION** <br><br> Judge: Hon. Claudia Wilken |

Plaintiffs ALEXANDER GRAHAM-SULT, an individual, and DAVID GRAHAM, an

individual ("plaintiffs"), and defendants NICHOLAS P. CLAINOS, an individual, BILL

- 1 -

GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company,

NORTON LLC, a limited liability company, and WILLIAM E SAGAN, an individual

(collectively referred to herein as "defendants") by and through their respective counsel, stipulate

and agree as follows.

**A.      Basis for Protective Order**

      In response to various requests for production of documents, the parties agree to produce

responsive, non-privileged, non-work product documents, which may include private and

confidential information.  Based on the scope of the request, a protective order is required to

safeguard against the disbursement of private and confidential information.  Nothing in this

protective order shall be deemed a waiver by any party to object to production of document(s) or

to seek a protective order precluding production of documents.

      NOW THEREFORE, the parties agree as follows:

**A.      Terms of Protective Order:**

      1.      **Confidential Information.**  "Confidential Information" shall mean information

designated with a Party's Bates prefix along with the term "Confidential" (per Paragraph 2) that

falls within one or more of the following categories: (a) information absolutely or qualifiedly

prohibited from disclosure by statute; (b) information that pertains to research, technical,

commercial or financial information of any individual or entity; (d) personal identity and medical

information; (e) income tax returns (including attached schedules and forms), W-2 forms and

1099 forms; (f) personnel or employment records of a person who is not a party to the case; and

(g) intellectual property rights.

      2.      **Method of Designation of Confidential Information:**  The Confidential

Information, and all copies, shall have a Bates label prefix as follows: "**Confidential**." As used in

**STIPULATION AND [PROPOSED] ORDER RE CONFIDENTIAL INFORMATION**

this agreement, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking of "**Confidential**" shall be applied at the time documents are produced or disclosed.

3.     **Nondisclosure of Confidential Information.**  A stamped confidential document, and all information contained within a stamped confidential document, may not be disclosed to any person except those persons identified in paragraph 4, herein.  A stamped confidential document means any document which bears the word "Confidential" to signify that it contains information subject to protection under this Stipulation and Order.

4.     **Designation Not Determined of Status.**  A Party shall not be obligated to challenge the propriety of a confidentially designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The designation or failure to designate material as "Confidential" shall not be determinative of that material's status as a trade secret or proprietary information. All challenges to the propriety of a confidentiality designation shall first be made in writing by letter or other document identifying the specific material challenged. Within ten (10) business days following the receipt of such a written challenge, the designating party shall substantiate the basis for such designation to the challenging party. Thereafter, the Parties shall attempt to resolve such challenge in good faith on an informal basis. If the dispute cannot be informally resolved, the party challenging the designation may seek appropriate relief from the Court. The burden of proof shall be on the designating party. Any document designated "Confidential" shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved.

5.     **Access and Copying.**  Access to the Confidential Information designated as "Confidential" shall be strictly limited to the following persons: (a) the individual parties and employees of a party but only to the extent counsel determines in good faith that the individual

- 3 -

and/or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; (b) counsel of record in this action as well as their employees; (c) consultants and experts retained to assist in this action; (d) the Court and its personnel; (e) court reporters and recorders engaged for depositions; (f) those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; and (g) mediator.

Before any access to or disclosure of the Confidential Information to any person described in this Paragraph is allowed, that person shall be provided with a copy of this Stipulation and Order, and shall execute a written acknowledgment that the person has received, read, and understood the terms of the Stipulation and Order, agrees to be bound by its terms, and agrees to submit to the personal jurisdiction of this Court.  A form of the required written acknowledgment is attached as **Exhibit A**.

Counsel shall further agree to take all reasonable and necessary steps to secure the electronic information from access by others, who are not a party to this stipulation.

7.  **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a Party designates a document as Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Stipulation and Order. No party shall be found to have violated this Stipulation and Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

- 4 -

8.      **Other Permitted Disclosure.**  No person covered by this Stipulation and Order may disclose any Confidential Information or any part thereof to any person who is not expressly allowed access to the Confidential Information by this Stipulation and Order, except by leave of this Court obtained after showing good cause for such disclosure and reasonable notice to the producing Party of the application for leave.  In the event that the Confidential Information referenced herein is required to be included in any pleading or document or proceeding, the party seeking to include said documents shall comply with all statutes and rules of court, including the local rules, necessary to secure such information from public access as a result of the court filing.

10.      **Use.**  The persons obtaining access to stamped confidential documents under this Stipulation and Order shall use the information solely for the limited purpose of this action, and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

11.      **Use of Confidential Documents or Information at Trial.**  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.      **Additional Safeguards.**  Persons having authorized access to Confidential Information shall keep all stamped confidential documents in a safe, secure location.

13.      **Return of Confidential Information.**  Within 60 days after settlement or the final judgment, including the conclusion of all appeals, the Receiving Party, through counsel or personally, shall return to counsel for the Producing Party all Confidential Information and

- 5 -

**STIPULATION AND [~~PROPOSED~~] ORDER RE CONFIDENTIAL INFORMATION**

documents stamped "Confidential," including copies as defined in paragraph 2 unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return and certifies to the Producing Party that it has done so; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so.

14. **Client Consultation.**  Nothing in this Stipulation and Order shall prevent or otherwise restrict counsel for the parties from rendering advice to their respective client(s) and, in the course thereof, relying generally on examination of stamped confidential document, or constitute a waiver of the attorney-client privilege and work product privileges.

15. **Violation.**  If a party and/or their counsel violate any term of this Stipulation and Order, the Producing Party may seek appropriate relief with the Court in the above referenced action or in a separate action, including a motion for temporary and permanent injunctive relief, sanctions and any other relief needed to rectify the violation.  Nothing in this Stipulation and Order shall be deemed to be a contract or a waiver by counsel for any party of their right to oppose any such motion or defend any such action, and, if appropriate, seek sanctions or other forms of relief for such conduct against the Producing Party.

16. **Modification.**  This Stipulation and Order may be modified only by written agreement of the parties to this agreement.

17. **No Waiver.**  The disclosure of Confidential Information shall not be deemed a waiver of objections as to admissibility in pretrial and trial proceedings.

//
//
//

- 6 -

STIPULATION AND [~~PROPOSED~~] ORDER RE CONFIDENTIAL INFORMATION

Dated:  September 26, 2014

**CANNATA, CHING & O'TOOLE LLP**


By:  _____/s/ Therese Y. Cannata_____
     THERESE CANNATA
     Attorneys for Plaintiffs ALEXANDER
     GRAHAM-SULT and DAVID
     GRAHAM

Dated:  September 26, 2014

**KATTEN MUCHIN ROSEMAN LLP**


By:  _____/s/ Zia Modabber_____
     ZIA MODABBER
     Attorneys for Defendant
     NICHOLAS P. CLAINOS

Dated:  September 26, 2014

**WINSTON & STRAWN**


By:  _____/s/ Erin Ranahan_____
     ERIN RANAHAN
     Attorneys for Defendants BILL
     GRAHAM ARCHIVES LLC, d/b/a
     WOLFGANG'S VAULT, NORTON
     LLC, and WILLIAM E. SAGAN
     (Per Local Rule 5-1(i)(3), Ms.
     Ranahan's concurrence in the filing of
     this document was obtained on 5.9.14.)

<u>**ORDER**</u>

**PURSUANT TO STIPULATION** BUT SEE LOCAL RULE 79-5, IT IS ORDERED.

DATED: OCTOBER 2, 2014

_____
CLAUDIA WILKEN
United States District Judge

- 7 -

**STIPULATION AND [~~PROPOSED~~] ORDER RE CONFIDENTIAL INFORMATION**