THERESE Y. CANNATA (SBN 88032)
KIMBERLY A. ALMAZAN (SBN 288605)
100 Pine Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 409-8900
Facsimile: (415) 409-8904
tcannata@ccolaw.com

JAMES J. BROSNAHAN
KEVIN A. CALIA
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Tel: (415) 268-7000
Fax: (415) 268-7522
E-mail: jbrosnahan@mofo.com

Attorneys for Plaintiffs
ALEXANDER GRAHAM-SULT
and DAVID GRAHAM

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

ALEXANDER GRAHAM-SULT, an individual and DAVID GRAHAM, an individual,

Plaintiffs,

v.

NICHOLAS P. CLAINOS, an individual, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a limited liability company, NORTON LLC, a limited liability company, and WILLIAM E SAGAN, an individual,

Defendants.

Case No. 4:10-cv-04877-CW

**STIPULATION AND ~~[PROPOSED]~~ ORDER RE CONFIDENTIAL INFORMATION**

Judge: Hon. Claudia Wilken

On September 26, 2014, the parties to this action, ALEXANDER GRAHAM-SULT, an individual, and DAVID GRAHAM, an individual ("plaintiffs"), and defendants NICHOLAS P. CLAINOS, an individual, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, a

limited liability company, NORTON LLC, a limited liability company, and WILLIAM E. SAGAN, an individual (collectively referred to herein as "defendants") (plaintiff and defendants are collectively referred to herein as the "parties"), submitted a Stipulation and [Proposed] Order Re Confidential Information (Docket No. 198). The associated Proposed Order was entered by this Court on October 21, 2014 (Docket No. 201). The parties realized that plaintiffs inadvertently filed a prior, and incorrect, version of the Stipulation and [Proposed] Order Re Confidential Information and that the prior, incorrect version was entered by the Court. Plaintiffs apologize to the Court for any inconvenience caused by this inadvertent filing and hereby submit an Amended Stipulation and [Proposed] Order Re Confidential Information for the Court's consideration.

The parties, by and through their respective counsel, stipulate and agree as follows.

**1. Basis for Protective Order**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purposes other than prosecuting this litigation may be warranted. Based on the scope of the request, a protective order is required to safeguard against the disbursement of private and confidential information. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulation and Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material

///

under seal. Nothing in this protective order shall be deemed a waiver by any party to object to production of document(s) or to seek a protective order precluding production of documents.

NOW THEREFORE, the parties agree as follows:

**2. Terms of Protective Order**

i. **Confidential Information:** information (regardless of how it is generated, stored or maintained) or tangible things designated by a Designating Party as "CONFIDENTIAL" (pursuant to Paragraph 5) that falls within one or more of the following categories: (a) information absolutely or qualifiedly prohibited from disclosure by statute; (b) information that pertains to research, technical, commercial or financial information of any individual or entity; (d) personal identity and medical information; (e) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (f) personnel or employment records of a person who is not a party to the case; and (g) intellectual property rights.

ii. **Counsel** (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

iii. **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information.

iv. **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

v. **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

///

vi. **House Counsel**: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

vii. **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

viii. **Outside Counsel of Record**: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

ix. **Party**: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

x. **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

xi. **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

xii. **Protected Material**: any Disclosure or Discovery Material that is designated as Confidential Information.

xiii. **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. Scope**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of Disclosure to a Receiving Party or becomes part of the public domain after its Disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the Disclosure or obtained by the Receiving Party after the Disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. Duration**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. Method of Designation of Confidential Information**

The Confidential Information, and all copies, shall have a label as follows: "**Confidential**." As used in this agreement, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection as Confidential Information must be clearly so designated at the time of Disclosure.

Designation in conformity with this Order requires:

///

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party may designate material as Confidential Information before producing the material in the manner described herein.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) documents, or portions thereof, qualify for protection under this Order.

In the event that a Designating Party subsequently determines that Confidential Information was incorrectly designated, it may un-designate the Confidential Information with written notice to the Receiving Party.

**6. Nondisclosure of Protected Material**

Protected Material may not be disclosed to any person except those persons identified in paragraph 9, herein.

**7. Challenging Designation**

A party shall not be obligated to challenge the propriety of a confidentially designation at the time the Disclosure is made, and a failure to do so shall not preclude a subsequent challenge thereto. The designation or failure to designate material as "Confidential" shall not be determinative of that material's status as a trade secret or proprietary information. All challenges to the propriety of a confidentiality designation shall first be made in writing by letter or other document identifying the specific material challenged. Within fourteen (14) business days following the receipt of such a written challenge, the Designating Party shall substantiate the basis for such designation to the challenging party. Thereafter, the Designating Party and the Challenging Party shall meet and confer in an attempt to resolve such challenge in good faith on an informal basis. If the dispute cannot be informally resolved, the party challenging the designation may seek appropriate relief from the Court. The burden of proof shall be on the Designating Party. Any material designated as Confidential Information shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved.

**8. Judicial Intervention**

If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the

preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

**9. Access and Copying**

Disclosure of Protected Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to:

(a) the Receiving Party's Outside Counsel of Record in this action, their associate counsel within their law firms, and such counsels' support staff, legal assistants and clerical personnel;

(b) any non-party support services including, but not limited to, outside copying services, translators or translation services, document imaging and database services, graphics or design services, jury or trial consulting services, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action;

(c) the officers, directors, representatives, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) expert witnesses (as defined in this Order) or consultants and their staff of the Receiving Party or its respective attorneys in connection with the action to whom disclosure is

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel, and any court reporter and their staff retained to record proceedings before the Court in which event such Confidential Information in documentary form shall be submitted for filing under seal pursuant to the Local Rules, and Confidential Information in the form of testimony shall be identified on the Record;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) the mediator and its staff and agents.

Counsel shall further agree to take all reasonable and necessary steps to secure the electronic information from access by others, who are not a party to this stipulation.

**10. Inadvertent Failure to Designate and Inadvertent Production**

An inadvertent failure to designate information as Confidential Information does not, standing alone, waive the right to so designate the document. If a Party designates a document as Confidential Information after it was initially produced, the Receiving Party, on notification of

the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Stipulation and Order. No party shall be found to have violated this Stipulation and Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may give written notice to the Receiving Party or Parties that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the Producing Party. The Receiving Party or parties shall promptly return to the Producing Party such document or thing, including all copies of such document or thing, and portions thereof, and shall not retain any copies thereof. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for any order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

**11. Other Permitted Disclosure**

No person covered by this Stipulation and Order may disclose any Confidential Information or any part thereof to any person who is not expressly allowed access to the Confidential Information by this Stipulation and Order, except by leave of this Court obtained after showing good cause for such Disclosure and reasonable notice to the Producing Party of the application for leave. In the event that the Confidential Information referenced herein is required

to be included in any pleading or document or proceeding, the party seeking to include said documents shall comply with all statutes and rules of court, including the local rules, necessary to secure such information from public access as a result of the court filing.

**12. Use**

The persons obtaining access to Protected Material under this Stipulation and Order shall use the information solely for the limited purpose of this action, and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings.

**13. Use of Protected Material at Trial**

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**14. Documents, Deposition Testimony And Information Excluded From Protective Order**

The obligations relating to any document, deposition testimony or information subject to this Protective Order shall not apply to any document, deposition testimony or information designated as being subject to this Protective Order which: (a) was lawfully in the Receiving Party's possession prior to the receipt from the Producing Party; (b) became public knowledge by means not in violation of the provisions of this Protective Order; (c) was, or is hereafter, obtained from a source or sources not under an obligation of secrecy to the other party; (d) is discovered independently by the Receiving Party; or (e) is exempted from the provisions of this Order by

written consent of the party producing such Confidential Information. Nothing herein shall prevent any Designating Party from using or disclosing its own Confidential Information. Nothing in this Order shall preclude any party from showing an employee of a Designating Party at a deposition of that employee any Confidential Information of the Designating Party.

**15. Protected Material Subpoenaed Or Ordered Produced In Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Information, that party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

///

///

**16. Additional Safeguards**

Persons having authorized access to Confidential Information shall keep such information in a safe, secure location.

**17. Return of Confidential Information**

Within 60 days after settlement or the final judgment, including the conclusion of all appeals, the Receiving Party, through counsel or personally, shall return to counsel for the Producing Party all Confidential Information unless: (1) the document has been offered into evidence or filed without restriction as to Disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return and certifies to the Producing Party that it has done so; or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so.

**18. Modification**

This Stipulation and Order may be modified only by written agreement of the parties to this agreement.

///

///

///

///

///

///

///

///

///

**19. No Waiver**

The Disclosure of Confidential Information shall not be deemed a waiver of objections as to admissibility in pretrial and trial proceedings.

Dated: November 4, 2014

**CANNATA, CHING & O'TOOLE LLP**

By: /s/ Therese Y. Cannata
THERESE CANNATA
Attorneys for Plaintiffs ALEXANDER GRAHAM-SULT and DAVID GRAHAM

Dated: November 4, 2014

**WINSTON & STRAWN**

By: /s/ Erin Ranahan
ERIN RANAHAN
Attorneys for Defendants BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, NORTON LLC, and WILLIAM E. SAGAN
(Per Local Rule 5-1(i)(3), Ms. Ranahan's concurrence in the filing of this document was obtained on 11.4.14.)

Dated: November 4, 2014

**KATTEN MUCHIN ROSEMAN LLP**

By: _/s/ Zia Modabber
ZIA MODABBER
Attorneys for Defendant NICHOLAS P. CLAINOS
(Per Local Rule 5-1(i)(3), Mr. Modabber's concurrence in the filing of this document was obtained on 11.4.14.)

**ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED**.

DATED: November 7, 2014

CLAUDIA WILKEN
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________ [print or type full name], hereby acknowledge that (i) I have read and understand the Stipulated Protective Order entered in the action *Graham-Sult v. Clainos, et al.*, pending in the Northern District of California, Case No. 4:10-cv-04877 (the "Protective Order"); (ii) I agree to be bound by the terms of the Protective Order and I understand that failure to so comply could expose me to sanctions and punishment in the nature of contempt; and (iii) I submit to the jurisdiction of the United States District Court for the Northern District of California for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

______________________________________
Date

______________________________________
Signature

______________________________________
Name

______________________________________
Title

______________________________________
Address

______________________________________
City State Zip