IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER GRAHAM-SULT and DAVID GRAHAM,<br><br>    Plaintiffs,<br><br>    v.<br><br>NICHOLAS P. CLAINOS, RICHARD L. GREENE, LINDA McCALL, GREENE RADOVSKY MALONEY SHARE & HENNIGH LLP, BILL GRAHAM ARCHIVES LLC, d/b/a WOLFGANG'S VAULT, NORTON LLC and WILLIAM E. SAGAN,<br><br>    Defendants.<br>_____/ | No. C 10-4877 CW<br><br>ORDER DENYING PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT<br><br>(Docket No. 296) |

On October 6, 2015, the Court granted Defendant Nicholas P. Clainos's and Defendants Bill Graham Archives LLC, Norton LLC and William E. Sagan's (collectively, BGA Defendants) motions for summary judgment. The order resolved all of Plaintiffs Alexander Graham-Sult and David Graham's claims in Defendants' favor and judgment entered. Plaintiffs have now filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Defendant Clainos and BGA Defendants have filed oppositions to the motion and Plaintiffs have filed a reply. Having considered the parties' papers and the record in this case, the Court DENIES Plaintiffs' motion.

LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment within twenty-eight days after entry of judgment. "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). However, amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted). Absent "highly unusual circumstances," a motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citations omitted).

DISCUSSION

Plaintiffs argue that they are entitled to reconsideration based on newly discovered evidence, an intervening change in law, and factual errors in the Court's order on summary judgment.

I.   Newly Discovered Evidence

The purported newly discovered evidence consists primarily of deposition testimony from Randy Tuten and David Singer, artists who created artwork for posters used to market concerts for BGE. However, these witnesses provided declarations in support of Plaintiffs' opposition to Defendant Clainos's motion for summary

2

judgment.  A motion for reconsideration may not be used to introduce evidence that could have been, but was not, submitted in support of briefing on a motion for summary judgment.  See School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Plaintiffs do not explain why the information in the testimony could not have been included in the declarations filed in support of their opposition to Defendant Clainos's motion for summary judgment.

Moreover, the testimony does not provide a basis for revisiting the Court's judgment.  Neither deponent provided any evidence that Bill Graham was acting in his personal capacity when he hired artists to create poster artwork.  Indeed, Mr. Tuten testified that he was paid by checks issued by "Bill Graham Presents."[1]

II. Intervening Change in Law

Plaintiffs next argue that the Court should reconsider its judgment in favor of Defendants based on a recent order by a court

---

[1] Plaintiffs also argue that certain poster copyrights were registered by Jerry Pompili to "The Fillmore Corporation," a company owned by Bill Graham.  Plaintiffs argue that this demonstrates that Mr. Pompili knew how to register posters to a corporate entity if he intended the copyright to belong to that entity rather than to Bill Graham personally.  As an initial matter, Plaintiffs do not explain why they did not present this evidence in their briefing or supplemental briefing on summary judgment.  The Court also notes that Mr. Pompili was deposed prior to the briefing on Defendant Clainos's motion for summary judgment and the deposition excerpts presented to the Court do not discuss the copyrights registered to "The Fillmore Corporation."  The mere fact that some copyrights were registered to a corporate entity does not establish that the copyrights that were registered to Bill Graham were owned by him individually, rather than as a representative of one of his companies.

3

in the Central District of California in <u>Marya v. Warner/Chappell Music, Inc.</u>, 2015 WL 5568497 (C.D. Cal.). However, to seek reconsideration, Plaintiffs must present "an intervening change in the controlling law." <u>Kona Enterprises</u>, 229 F.3d at 890. Plaintiffs concede that the district court order they cite is not controlling law. Moreover, Plaintiffs rely on <u>Marya</u> for the proposition that BGA Defendants must prove that Bill Graham transferred the copyrights he personally owned to his company or companies. However, this position relies on Plaintiffs' assumption that the copyrights were first owned by Bill Graham personally, rather than as a representative of his company or companies. The Court has already rejected that assumption.

III. Factual Errors

Finally, Plaintiffs argue that the Court made factual errors regarding the poster copyrights at issue in this case. Specifically, Plaintiffs argue that the Court erroneously adopted Defendants' statement that 174 poster copyrights are at issue in this case. Plaintiffs identify two potential errors in this figure. First, the figure is based on Defendants' contention that the only copyrights at issue in this case are those that were identified in the 1995 assignment. Plaintiffs argue that their claims concern every copyright registered in Bill Graham's name at the time of his death. However, at the hearing on the motions for summary judgment, Plaintiffs' only theory of damages with respect to the poster copyright was based on the assignment. <u>See</u> Docket No. 274, Transcript at 13:24-16:22; <u>see also</u> Transcript at 73:10-15 (discussing the assignment in relation to claims against BGA

4

Defendants based on copyrights).  Accordingly, there was no error in limiting Plaintiffs' claims to the copyrights identified in the assignment.

Plaintiffs also assert that the copy of the assignment attached to a declaration filed in support of Mr. Clainos's motion for summary judgment was incomplete.  See Docket No. 224, Sims Declaration, Ex. 51.  Plaintiffs state that the complete assignment, which lists many more copyrights, was attached as an exhibit to their complaint.  However, Plaintiffs themselves cited Mr. Clainos's version of the assignment.  See Docket No. 232, Plaintiffs' Opposition to BGA Defendants' MSJ at 11:9-10; Docket No. 240, Plaintiffs' Opposition to Clainos's MSJ at 17:15-16.  Accordingly, the Court relied on that version.  That Plaintiffs attached a different version to their complaint in 2010 makes no difference.  It is the parties' responsibility to cite to the materials in the record they wish the Court to consider.  See Forsberg v. Pac. N.W. Bell Tel. Co., 840 F.2d 1409, 1417–18 (9th Cir. 1988) ("The district court is not required to comb the record to find some reason to deny a motion for summary judgment.").

Even if the Court were to consider more copyrights than the 174 copyrights identified as disputed by Defendant Clainos, its findings would still stand.  Defendant Clainos presented significant evidence to support a finding that the posters were works-for-hire commissioned by Bill Graham as a representative of his companies, not as an individual, and Plaintiffs failed to present adequate evidence that the posters were commissioned by Bill Graham as an individual to create a triable question of fact.

5

Plaintiffs also attempt to raise arguments in their motion for reconsideration that they could have but failed to raise in their oppositions to the motions for summary judgment. For example, Plaintiffs argue that some of the copyrights listed in the attachment to the assignment were registered to Bill Graham within five years of the creation of the artwork. Accordingly, Plaintiffs argue that those copyrights presumptively belonged to Bill Graham. However, the Court previously found that Defendants presented sufficient evidence to rebut any presumption that the facts stated in the copyrights were valid. See Docket No. 286 at 17.

Plaintiffs also argue for the first time that the assignment was intended to affect all copyrights registered in Bill Graham's name, not only those listed on the attachment to the assignment. Although the assignment states that it transfers "any and all copyrights, tradenames, trademarks and servicemarks claimed by or registered in the name" of Bill Graham, Plaintiffs never raised this argument in their briefs or at the hearing on the motions for summary judgment. As noted above, the Court need not search the record for evidence to support Plaintiffs' case. Nor need it raise arguments that the parties fail to make. See, e.g., Guatay Christian Fellowship v. County of San Diego, 670 F.3d 957, 987 (9th Cir. 2011) ("[J]udges are not like pigs, hunting for truffles buried in briefs.") (internal quotation marks and citations omitted). Moreover, Plaintiffs do not explain why the assignment would include a list of some, but not all, of the relevant copyrights if it was intended to affect all copyrights. Finally,

6

as discussed above, even if the Court were to consider every copyright registered in Bill Graham's name at the time of his death, Plaintiffs have still failed to produce sufficient evidence to support a finding that Bill Graham commissioned the copyrighted artwork as an individual rather than as a representative of one or more of his companies.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to alter or amend the judgment is DENIED. Docket No. 296.

IT IS SO ORDERED.

Dated: January 27, 2016

CLAUDIA WILKEN
United States District Judge